## STANDARD ACC. INS. CO. v. DENBOW.

### No. 11647.

Court of Civil Appeals of Texas. Galveston.

Oct. 12, 1944.

Rehearing Denied Nov. 16, 1944.

Kemper & Cramer, of Houston (John G. Cramer, of Houston, of counsel), for appellant.

B. C. Johnson, of Houston, and Jimmy Phillips, of Angleton, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellant, Standard Accident Insurance Company, to set aside an award of the Industrial Accident Board in favor of appellee, H. E. Denbow, as compensation for accidental injuries al-leged to have been sustained by him in the course of his employment as a welder with the Stern-Rogers Manufacturing Company, who carried compensation insurance with appellant.

Appellee sought recovery under the general provisions of Article 8306, Vernon's Ann.Civ. St., for total and partial disability for general injuries and in the alternative for partial disability for the loss of the use of his hand.

Appellant answered by general denial. By special plea it admitted that appellee had sustained an accidental injury to his left wrist on January 8, 1943, while in the course of his employment with his employer from which he had suffered total temporary disability and for which he had received compensation, but alleged that whatever disability appellee had sustained from said injury was limited to the wrist of his left hand and that the disability from that injury had long since ceased to exist and that appellee was able to earn and was earning compensation in excess of what he had earned prior to the receipt of such injuries.

In answer to special issues submitted, the jury found, in substance, that appellee on the occasion in question had sustained injuries other than the injury to his left wrist from which he had suffered total disability; that the injuries to his wrist had affected his nerves and nervous system causing pain and suffering which had diminished his wage-earning capacity to the extent of 50% and that such diminished wage-earning capacity was permanent.

Based on the answers to said special issues judgment was rendered in favor of appellee for compensation at the rate of $20 per week for a total period of 306 weeks less 7 weeks compensation that had been paid.

While other points of error are presented, as we view the record appellant's assignments presented under its points Nos. 2 to 7, inclusive, complaining of the action of the trial court in sending the jury back to the jury room with oral instructions to reconcile conflicts in issues submitted to them, present the controlling question in the case and require that the case be reversed and remanded for a new trial.

It is undisputed in the record that when the jury first returned their verdict into court, the clerk, at the request of the trial court, received the verdict and read it aloud in open court. After the reading of the verdict counsel for appellee proceeded to the

court's bench and held a conference with the court in which counsel for appellant did not participate. After said conference with appellee's counsel, the trial judge came down from his bench and stated orally to the jury that he was going to send the jury back to the jury room for further deliberation. The court then gave the jury the following oral instructions: "Gentlemen, I am going to give you the charge and answer sheet, and ask you to see if you cannot reconcile Issue Nos. 5 and 12."

The issues referred to by the court in his oral charge read:

Special Issue No. 5: "Do you find from a preponderance of the evidence that the injuries to Denbow's left wrist affects his nerves and nervous system causing pain and suffering if the left hand is used in performing the usual tasks of a workman? Answer, 'We do,' or 'We do not.'" To which the jury had answered, "We do."

Special Issue No. 12: "Do you find from a preponderance of the evidence that the effect, if any, of the injury to H. E. Denbow's left wrist causing disability, if any, is not limited to his left hand?" The jury was instructed to answer, 'We do' or 'We do not.'"

When the jury first returned its verdict into court it had answered Issue 12, "We do not." Under the instruction of the trial court that it reconcile the answers to Issue Nos. 5 and 12, and after it had again retired to the jury room to deliberate on its verdict and returned into court, it answered Special Issue No. 12, "We do."

Counsel for appellant in open court duly excepted to the court's oral instructions to the jury and to the court's action in sending the jury back with the oral instructions in connection with said issues and in permitting it to further deliberate in connection with the answers to said issues.

There is, we think, an apparent irreconcilable conflict in the answers of the jury to said Issues 5 and 12. In answer to Issue 5 the jury found in substance, that the injury to appellee's wrist affected his nerves and nervous system causing pain and suffering which interfered with his ability to perform the usual tasks of a workman. In the jury's first answer to Issue 12, they found, due probably to the use of a double negative in the answer, under the court's instruction, that they did not find from a preponderance of the evidence that the effects of the injury to appellee's

wrist causing disability was not limited to his left hand.

Under Rule 295, Texas Rules of Civil Procedure, it is the court's duty where a verdict contains conflicting findings to call the jury's attention thereto in writing and send them back to the jury room for further deliberation.

Said Rule 295 reads: "If the verdict is informal or defective, the court may direct it to be reformed at the bar. If it is not responsive to the issue submitted, or contains conflicting findings, the court shall call the jury's attention thereto *in writing* (emphasis ours) and send them back for further deliberation."

Rule 295 has its source in Article 2207, Vernon's Annotated Civil Statutes. It is identical with the statute, except that the rule contains the affirmative direction that the court shall call the jury's attention in writing to conflicts in its verdict.

The precise question involved in this case was decided in the case of Consolidated Underwriters v. Ruff, Tex.Civ.App., 164 S.W.2d 550, 554, writ of error refused. In that case the court, in holding that the trial court had committed error in submitting an oral charge to the jury in connection with a conflict in the jury's verdict, said: "The oral charge to the jury was in violation of the provisions of Rule 295. In giving additional charges to the jury, this rule must be complied with, since it has the force and effect of a statute. Reed v. Bates, Tex.Civ. App., 32 S.W.2d 216. Where the statute regulating the giving of charges to the jury is violated, error must be presumed. Texas, etc., Co. v. Byrd, 102 Tex. 263, 15 S.W. 1163, 20 L.R.A., N.S., 429, 20 Ann.Cas. 137; Parker v. Bailey, Tex.Com.App., 15 S.W.2d 1033."

Continuing, the court said: "The authorities above cited deny appellee's proposition, that Rule 295 is directory. This Rule has its source in Article 2207, Vernon's Ann. Civ. St., but there was added to this article the affirmative direction that the court must call the jury's attention in writing to the conflicts in its verdict."

We have not discussed other points of error presented by appellant, since they will probably not arise upon another trial of the case.

The judgment of the trial court will be reversed and the cause remanded for a new trial.

Reversed and remanded.