# H. E. DENBOW V. STANDARD ACCIDENT INSURANCE COMPANY.

No. A-405. Decided March 14, 1945.
Rehearing overruled April 4, 1945.
(186 S. W., 2d Series, 236.)

*Jimmy Phillips,* of Angleton, and *B. C. Johnson,* of Houston, for petitioner.

The Court of Civil Appeals erred in holding that the acts and words of the trial court in retiring the jury for further deliberation in an effort to harmonize their answers was reversible error, and in not holding such error, if any, harmless. Traders & Gen. Ins. Co. v. Collins, 179 S. W. (2d) 525; Federal Underwriters v. Craighead, 168 S. W. (2d) 699; Traders & Gen. Ins. Co. v. Carlisle, 161 S. W. (2d) 484.

*Kemper & Cramer* and *John G. Cramer,* all of Houston, for respondent.

On the issues involved in this appeal respondents cite: Indemnity Ins. Co. v. Campbell, 19 S. W. (2d) 622; San Antonio Tr. Co. v. Cox, 184 S. W. 722; Lumbermen's Reciprocal Assn. v. Coody, 278 S. W. 856.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a workmen's compensation case, in which the employee claimed that an injury to his wrist affected other parts of his body. There was an issue as to whether the employee was entitled to recover for a general injury or only for the loss of a specific member of his body—his hand.

The court submitted the following issues, among others, to the jury:

"SPECIAL ISSUE NO. 5: Do you find from a preponderance of the evidence that the injuries to Denbow's left wrist affects his

nerves and nervous system causing pain and suffering if the left hand is used in performing the usual tasks of a workman?" To which the jury answered: "We do."

"SPECIAL ISSUE NO. 12: Do you find from a preponderance of the evidence that the effects, if any, of the injury to H. E. Denbow's left wrist causing disability, if any, are not limited to his left hand?" To which the jury answered: "We do not."

After the verdict had been returned the court, over the protest of the insurance company, *orally* stated to the jury as follows: "Gentleman, I am going to give you the Charge and Answer Sheet and ask you to see if you can reconcile Issues No. 5 and No. 12." Thereupon the jury returned to the jury room and changed their answer to Issue No. 12 from "We do not" to "We do." The court then received the verdict and entered judgment for the employee for a general injury. The Court of Civil Appeals reversed the judgment of the trial court because the instruction to the jury to eliminate the supposed conflict in their answers was oral, and not in writing as required by Rule 295 of the Texas Rules of Civil Procedure. 183 S. W. (2d) 680.

Rule 295 reads as follows:

"Rule 295. Defective verdict.—If the verdict is informal or defective, the court may direct it to be reformed at the bar. If it is not responsive to the issue submitted, or contains conflicting findings, the court shall call the jury's attention thereto in writing and send them back for further deliberation."

The Court of Civil Appeals was of the opinion that since the court's instruction to the jury to reconcile the supposed conflict was oral instead of in writing, harm must be presumed, and reversal must follow. We are not in accord with this holding. Rule 295 must be read in the light of the provisions of Rule 434, which reads in part as follows:

"* * * Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *."

■ These two rules constitute a part of the same set of rules and necessarily they must be read together. When these two rules are read and construed together it will be seen that while Rule 295 requires the trial court to point out the supposed conflicts in the verdict in writing, yet under Rule 434 the case will not be reversed on the ground that the instruction was not in writing, unless the failure to give the instruction in writing was reasonably calculated to and probably did cause the rendition of an improper judgment or probably prevented the appellant from making a proper presentation of the case to the appellate court. This is the only reasonable construction that can be placed on these two rules when read together. In other words, if it be held that Rule 434 is not applicable when a rule has been disobeyed or the law otherwise violated, then there would be no need for Rule 434, for this latter rule becomes applicable only when "the trial court has committed an error of law."

■ In this case the oral instruction given by the trial court was short. It was not confusing, but was easily understood. It was not an instruction on the law in the case. It was made in the presence of counsel for both parties, and the exact words of the judge were preserved. No contention is made that appellant was prevented from making a proper presentation of the alleged error to the appellate court. The instruction was no more harmful when given orally than it would have been if given in writing. For these reasons reversal should not have followed merely because the instruction was oral.

Of course, if the attorneys had been absent, or if the wording of the instruction by the judge to the jury had been lost, or if its form had been confusing to the jury, there could have been harm such as would require a reversal of the judgment. No such situation is here presented. It is not every oral instruction to the jury that presents reversible error. Dallas Railway & Terminal Co. v. Whitcomb, 139 Texas 467, 163 S. W. (2d) 616.

The Court of Civil Appeals relied on the case of Consolidated Underwriters v. Ruff, 164 S. W. (2d) 550, in which this Court "Refused for Want of Merit" an application for writ of error. It appears, however, upon examination of the record in that case that the application for writ of error was filed by Consolidated Underwriters, who had won a reversal of the case in the Court of Civil Appeals. By applying for the writ it sought to have judgment rendered in its behalf. Ruff, who had lost in the Court of Civil Appeals on the point here involved, did not file an application for writ of error. Consequently the rul-

ing of the Court of Civil Appeals on the point here involved was not presented to the Supreme Court in that case.

■ We are of the opinion, however, that the judgment of the trial court was properly reversed on account of the giving of the instruction, not because the instruction was oral, but because there was no conflict in the verdict to be reconciled. The jury's answer to Issue No. 5 amounted only to a finding that the injury affected the use of the left hand. The jury found that the injury so affected the nerves that the employee suffered pain if he used his left hand. Presumably, under that finding, if he did not use his left hand he did not suffer any pain. Hence he had only lost the use, or partial use, of his left hand. This amounted to nothing more than the finding of a specific injury. The jury by its original answers of "We do not" to Issue No. 12 failed to find that the injury to the left wrist affected other parts of the body so as to cause disability. Hence there was no conflict. The court erroneously instructed the jury that a conflict existed when there was no conflict, and thereby caused the jury to change its answer to one less favorable to the insurance company. This was an error which caused the rendition of an improper judgment, and hence was a reversible error.

■ The confusion as to what the jury had found in answer to the two issues above referred to was doubtless brought about by the fact that Issue No. 12, when considered in connection with the jury's answer thereto, was in the double negative. We again call attention to the importance of submitting the issues in simple language, and, if possible, in the affirmative, so that they may be readily understood by the jury. An issue is of no value, and may be positively harmful, if it is not properly understood by the jury. Issues when submitted in the negative are sometimes so confusing that experts learned in the law differ as to the meaning of the jury's answer thereto. It is obvious that such issues are confusing to laymen. Rule 277 provides in part "Where practicable, all issues should be submitted in the *affirmative,* and in plain and simple language. It is proper to so frame the issue as to place the burden of proof thereon, but where, in the opinion of the court, this cannot be done without complicating the form of the issue, the burden of proof on such issue may be placed by a separate instruction thereon." (Emphasis ours.)

Issue No. 12 could have been submitted in the affirmative in substantially the same language by framing the issue as follows: "Did the injury, if any, to Denbow's left wrist affect

parts of his body other than his hand and wrist, thereby causing disability?" If an instruction on the burden of proof had been desired, this issue could have been followed by an instruction as follows: "If you find from a preponderance of the evidence that the injury to the left wrist affected parts of the body other than the hand and wrist, thereby producing disability, you will answer this issue, 'Yes.' Otherwise you will answer it, 'No.'"

For the reasons hereinabove indicated the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause for a new trial, is affirmed.

Opinion delivered March 14, 1945.

Rehearing overruled April 4, 1945.

MR. JUSTICE SHARP dissenting.

I disagree with that part of the majority opinion which holds that a violation of Rule 295, which requires the trial court in the event of conflict in the jury's findings to call the jury's attention thereto *in writing* and send them back for further deliberation, is not reversible error because of the provisions of Rule 434.

Article 2207 of the Revised Statutes of 1925 was the original basis for Rule 295. That Article reads as follows:

"Art. 2207. Defective verdict.—If the verdict is informal or defective, the court may direct it to be reformed at the bar. If not responsive to the issue submitted, the court shall call their attention thereto and send them back for further deliberation."

Articles 2185-7 and 2193, Vernon's Annotated Civil Statutes, prescribe the statutory rules relating to the preparation of instructions by the trial court to juries. These articles of the statutes were repealed by the Acts of 1939, 46th Legislature, page 201, which authorized the Supreme Court of this State to make rules covering the practice and procedure in civil actions in lieu of the articles of the statutes repealed. Acting under this law, the Supreme Court enacted Rule 272 as a substitute for Article 2185, Rule 273 as a substitute for Article 2186, and Rule 275 as a substitute for Article 2187. That part of Article 2185 pertinent to the question here involved reads as follows:

"The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause."

Rule 272 uses the exact language contained in Article 2185. Rule 295 was originally promulgated by this Court in the exact language contained in Article 2207. It was afterwards amended to read as follows:

"Rule 295. Defective verdict.—If the verdict is informal or defective, the court may direct it to be reformed at the bar. If it is not responsive to the issue submitted, or contains conflicting, findings, the court shall call the jury's attention thereto *in writing* and send them back for further deliberation." (Emphasis mine.)

Rule 434 in part reads:

"Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *."

That part of Rule 434 just quoted is a re-enactment of a substanial part of old Rule 62a, which was adopted in 1912. Prior to the promulgation of Rule 62a it was established that any error of law committed in the trial of a cause was presumed to be ground for reversal, unless it could be said from a consideration of the entire record that injury to the complaining party did not result. 3 Tex. Jur., p. 1250, sec. 875.

This Court adopted Rule 62a to prevent the reversal of judgments for technical and unsubstantial errors. It serves a useful purpose, and many judgments have been affirmed by reason of such rule. It will be noted that that part of Rule 434 involved here is not based upon any article of the statutes. This Court in the case of Golden v. Odiorne, 112 Texas 544, 249 S. W. 882, in construing Rule 62a, said: "We find nothing in the language of the rule which even intimates that the statutes governing practice and procedure were intended to any degree to be abrogated." With this construction of the rule by the courts over a long period of time, this Court readopted the principle of Rule 434. There is nothing in the language of the new rule which shows that this Court intended in its adoption of Rule 434 to give it any different construction than had been given to Rule 62a. It should be kept in mind that Rules 272 and 295 are

substitutes for articles of the statutes, and they are not controlled by Rule 434. Besides, Rule 295 was also amended so as to leave no room for doubt as to its meaning.

No fixed rule has been defined for the application of Rule 434, but it is generally applied in cases involving (1) misjoinder of causes of action or of parties, (2) erroneous admission or exclusion of evidence, (3) improper remarks of counsel, and (4) refusal to submit certain special issues. See 3 Tex. Jur., secs. 879, 880, 882, 883, and 885. See also 6 Texas. Law Review, p. 218, and 13 Texas Law Review, p. 338

It is undisputed that the trial court did not comply with the provisions of Rule 295, which require that if the verdict of the jury is not responsive to the issues submitted or contains conflicting evidence "the court shall call the jury's attention thereto *in writing* and send them back for further deliberation." The language used in Rule 295 as amended is in complete harmony with Rule 272, which requires that the charge shall be in writing; and that mandate is carried into Rule 295.

The 1939 Act, under which this Court was authorized to make such rules, relinquished to the Supreme Court of Texas the full rule-making power in civil judicial proceedings, and provided that all laws and parts of laws governing the practice and procedure in civil actions were repealed, and such rules made by the Supreme Court carry the same force as if they were enacted by the Legislature.

The policy of the law has always demanded that certain fundamental rules relating to procedure in the trial of cases in civil actions shall be strictly observed.

The unbroken policy of the law is that litigants are entitled to certain rights in the trial of civil cases, and when those rights have been denied, they are entitled to a new trial. Some of the positive fundamental rights guaranteed to litigants, expressed in the rules, are as follows: (1) That the trial judge is not permitted to enter the jury room and communicate with the jury; (2) that attorneys and litigants are not permitted under any circumstances to treat the jurors by buying them drinks; and (3) that the charge of the court must be in writing. Judge Speer, speaking for this Court in the case of American Produce Co. v. Gonzales, 1 S. W. (2d) 602, in discussing the rights of litigants in the trial court, said:

"Every litigant has the right to have his case tried in substantial compliance with the established rules of law, in so far as they affect his substantial rights, for the denial of which he will be entitled to a reversal without the necessity of showing affirmatively that such error was harmful. The rule is well established that error in a material respect calculated to injure the losing party will be cause for reversal unless it reasonably appears that such result did not follow. M. K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; Houston, etc., Co. v. Gray, 105, Tex. 42, 143 S. W. 606; Hines v. Parry (Tex. Com. App.), 238 S. W. 886; Southern Traction Company v. Wilson (Tex. Com. App.), 254 S. W. 1104; Gulf, etc., Co. v. Harvey (Tex. Com. App.), 276 S. W. 895; San Antonio, etc., Co. v. Alexander (Tex. Com. App.), 280 S. W. 753; Bell v. Blackwell (Tex. Com. App.), 283 S. W. 765."

The recent case of Freeman v. Hillman, 173 S. W. (2d) 657, involved the action of the trial judge in entering the jury room to communicate with the jury. Judge Folley, speaking for the Court of Civil Appeals, reviewed the many decisions on this question, and stated the decision of that court in the following language:

"We think the bill of exceptions presents reversible error, and this is true regardless of whether any actual harm resulted from the conduct of the trial judge. Our rules very carefully outline the conditions under which a jury shall deliberate and the manner in which they may communicate with the court, and the court with them. Rules 282, 283, 284, 285, and 286, Texas Rules of Civil Procedure; Texas Midland R. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 Ann. Cas. 137. It is immaterial whether the trial judge communicated with the jury. He entered the jury room and permitted the jury to communicate with him under conditions forbidden by the rules. Corn v. Crosby County Cattle Co., Tex. Com. App., 25 S. W. (2d) 290. It is also settled that when the rules are thus violated, a reversal must follow regardless of the question of injury. City of Waco v. Craven, Tex. Civ. App., 54 S. W. (2d) 883, and authorities cited."

The case of Texas Milk Products Co. v. Birtcher, 138 Texas 178, 157 S. W. (2d) 633, involved the question of the plaintiff's (Birtcher) buying a five cent drink for one of the jurors. The trial court and Court of Civil Appeals held that the action of Birtcher did not constitute reversible error. It was there contended, as here, that it was a common practice, and was such a trivial affair that the verdict of the jury should not be set

aside on that account. This contention was rejected by this Court, and Chief Justice Alexander, speaking for this Court, reversed the judgments of the trial court and Court of Civil Appeals, and tersely stated the rule as follows:

"That the conduct of the plaintiff Birtcher and the juror Braley was improper is established by an unbroken line of decisions in this State."

The history of Rule 295 clearly shows that it was intended by its recent amendment by this Court to make such rule harmonize with Rule 272, and to compel all charges to the jury to be in writing. If this was not the purpose of the amendment, the change made in the rule was unnecessary and useless. We have the rule stating in plain language that the charge of the court "shall be in writing." The charge "shall be signed by the judge, filed with the clerk, and shall be a part of the record of the cause." The jury has the instructions in writing for their consideration in the jury room, and it leaves no room for dispute as to what instructions the trial judge gave to the jury. The courts have many times passed upon this precise question. The case of Reed v. State, 32 S. W. 216, involved the right of the trial judge to give the jury an additional oral charge, and Chief Justice Hightower, speaking for the court, said:

"This oral charge, in so far as it constituted an instruction to the jury upon the law of this particular case, was reversible error, for, under article 2184, R. S. 1925, the law of the case must be submitted to the jury by a written charge unless 'expressly waived by the parties.' Under the decisions, the provisions of article 2184 are mandatory. Sherman v. Newsome & Johnston, 46 Tex. Civ. App. 111, 101 S. W. 1020; International & G. N. Railway Co. v. Parke (Tex. Civ. App.), 169 S. W. 397; Wallace v. Shapard, 42 Tex. Civ. App. 594, 94 S. W. 151. This error alone would reverse the judgment of the lower court."

The case of Consolidated Underwriters v. Ruff, 164 S. W. (2d) 550, involved the right of the trial judge to instruct the jury orally to return to the jury room and reconcile their conflicting answers to Special Issues No. 8 and No. 13. Complaint was made of this action of the trial judge. Appellee contended that Rule 295 was not mandatory but directory, and that such action in the light of Rule 434 was not reversible error. Chief Justice Walker in writing the opinion in that case said:

"This point must be sustained. Rule 295, Texas Rules of Civil Procedure, provides: 'If the verdict is informal or defec-

tive, the court may direct it to be reformed at the bar. If it is not responsive to the issue submitted, or contains conflicting findings, the court shall call the jury's attention thereto in writing and send them back for further deliberation.' The oral charge to the jury was in violation of the provisions of Rule 295. In giving additional charges to the jury, this rule must be complied with, since it has the force and effect of a statute. Reed v. Bates, Tex. Civ. App., 32 S. W. (2d) 216. Where the statute regulating the giving of charges to the jury is violated, error must be presumed. Texas, etc. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A., N. S., 429, 20 Ann. Cas. 137; Parker v. Bailey, Tex. Com. App., 15 S. W. (2d) 1063.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

"This Rule has its source in Article 2207, Vernon's Ann. Civ. St., but there was added to this article the affirmative direction that the court must call the jury's attention in writing to the conflicts in its verdict."

This Court placed its approval upon that opinion by refusing a writ of error.

The case of Parker et al v. Bailey et al, 15 S. W. (2d) 1033 (Tex. Com. App.), involved the construction of Article 2197 and 2198, regulating jury trials, and Judge Speer, writing the opinion in that case, used the following language:

"The sacredness of the right to a jury trial and the delicacy of any fact inquiry as to the probable effect of the trial court's misconduct, before the very judge against whom the complaint is made, renders the matter of such public concern as to be well within the legislative right to speak arbitrarily. As indicated in the case of Texas, etc. Co. v. Byrd, supra, it is a matter of such public concern that the courts will not permit an inquiry into the probable effect of a violation of the statute. When the fact is established it is conclusively presumed, by reason of the statute itself, that a fair trial has not been had and evidence should not be heard to the contrary."

The plain violation of other rules like those enumerated above, and which affects the rights of litigants, was not intended to be shielded by Rule 434; nor has this Court heretofore applied such rule to a case like the one before us. The majority opinion holds that a trial judge may orally instruct the jury to return to the jury room and reconcile their findings to two special issues. It logically follows, then, that another trial judge

in some case would be authorized to instruct a jury orally to return to the jury room and reconcile their findings on some half a dozen special issues. There will be no end to the mischief done, and the plain provisions of the rules mentioned above have been written in vain. By requiring the judges to observe the plain mandate of the rules that such instructions to the jury shall be in writing, the work of the courts would have been expedited and the rights of litigants would have been more carefully guarded. This requirement would not have placed any onerous burden on the trial judges, and it would have served to remove all doubt as to what instructions a trial judge gave to the jury. If Rule 434 is to be given application to a case of this kind, then why is it not applicable to every case where the observance of the rule is mandatory? If Rule 434 is to prevail as construed by the majority opinion, then the other rules fixing in plain language the duties required of litigants, attorneys, and trial judges in the trial of cases will be compelled to yield to the provisions of Rule 434. The holding of the majority opinion reverses the holding of the courts in many cases involving the application of this rule. This was not intended by the adoption of Rule 434.

Opinion delivered March 14, 1945.