## DENBOW v. STANDARD ACC. INS. CO.

### No. 11768.

Court of Civil Appeals of Texas. Galveston.

March 7, 1946.

Rehearing Denied March 28, 1946.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation case brought by appellant, H. E. Denbow, to set aside an award of the Industrial Accident Board as compensation for accidental injuries alleged to have been sustained by him in the course of his employment with the Stearns-Roger Manufacturing Company, who carried compensation insurance with appellee, Standard Accident Insurance Company.

In a previous appeal of the case to this court, 183 S.W.2d 680, the judgment of the trial court in favor of appellant was reversed and the cause was remanded by this court. This judgment was affirmed by the Supreme Court, 186 S.W.2d 236.

Upon remand to the trial court, appellant sought recovery under Sections 10 and 11, Article 8306, Revised Statutes of 1925, for "general" injuries alleged to have been sustained in the course of his employment; and in the alternative for "special" injuries to his left wrist and hand under Section 12 of said Article 8306.

In the trial court the jury found, in answer to special issues submitted: (1) That Denbow's total disability from January 8, 1943, to February 20, 1943, was the result of injury to his body, as well as injury to his left wrist; (2) that following the termination of such total disability on February 20, 1943, he also suffered partial disability; (3) but that this partial disability after February 20, 1943, was confined to his left wrist and did not result from any injury to any other portion of his body; (4) and that such wrist disability did not extend to or affect any other portion of his body; (5) that the partial disability to appellant's left wrist was

permanent; and (6) that it amounted to a 25% permanent partial disability to his left hand and wrist.

Based on the answers to such special issues, judgment was rendered in favor of appellant for the recovery of compensation at the rate of $20 per week for seven weeks total disability from January 8, 1943, until February 20, 1943, and for compensation for partial disability for an additional period of 144 weeks from February 20, 1943, at the rate of $12.35 per week, less the sum of $140 for seven weeks total disability previously paid.

By agreement the filing of a statement of facts on appeal was waived and it was stipulated that on January 8, 1943, Denbow had sustained accidental injuries in the course of his employment as a welder with Stearns-Rogers Manufacturing Company; that his average weekly wage during the year prior to such injuries was $82.34 per week, and that appellant had been paid the sum of $140 as compensation for seven weeks following January 8, 1943, at the rate of $20 per week.

It is appellant's contention that, under his pleadings and the stipulated facts, he should have been awarded compensation for partial permanent disability for a period of 300 weeks at the rate of $12.35 per week. He contends that, under the statute, the rate must be determined by multiplying the average weekly wage of the employee, here stipulated to be $82.34, by 60%, amounting to $49.40, and by multiplying this sum by 25%, the percentage of specific loss found by the jury, which would produce the sum of $12.35, the amount of weekly compensation awarded appellant by the trial court for a period of 144 weeks of permanent partial disability.

Appellee contends that under the record in this case appellant was only entitled to recover compensation for 25% partial permanent disability for 144 weeks at the rate of $5 per week; being 25% of the maximum compensation of $20 per week allowed under Section 12 of said Article 8306.

The only issue presented in the appeal is the amount of compensation which should have been allowed appellant by the trial court under the findings of the jury and the stipulations of the parties.

The Workmen's Compensation Act of the State of Texas, Article 8306, Revised Civil Statutes, provides for compensation for both total incapacity and for specific injury.

Section 10 of said Article 8306 deals with total incapacity and fixes the measure of compensation to be paid an injured employee at compensation equal to 60% of his average weekly wage, but not more than $20.00 nor less than $7.00, limited to a period of 401 weeks from the date of the injury.

Section 11 of said Article 8306 deals with partial general incapacity and fixes the measure of compensation to be paid an injured employee at 60% of the difference between the average weekly wage before the injury and his average weekly wage-earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week, limited to a period of 300 weeks from the date of the injury.

Section 12 of said Article 8306 deals with specific injury, including the loss of various members of the body. It provides that:

"For the injuries enumerated in the following schedule the employe shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent of the average weekly wages of such employes, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, towit: * * *

"For the loss of a hand, sixty per cent of the average weekly wage during one hundred and fifty weeks. * * *

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member. * * *"

It is undisputed that appellant sustained an injury to his wrist and left hand in the course of his employment. The jury found, in effect, that he was totally disabled as a result of the injury for a period of six weeks from the date of his injury, and that this disability was the result of injury to his body, as well as the injury to his left wrist; that following the termination of such total disability on February 20, 1943, appellant suffered a partial disability as a result of the injury to his wrist, but that this disability did not result from injury to any other portion of his body, and that it did not extend to or effect any other por-

tion of his body. Under these findings appellant's permanent partial incapacity to work after February 20, 1943, was therefore a disability resulting from an injury to a specific member of the body, the compensation rate for which and the period of time during which compensation must be paid are to be determined under Section 12 of said Article 8306, which provides for compensation for the loss of a hand at the rate of 60% of his average weekly wage, not to exceed $20.00, multiplied by the percentage of the incapacity caused by the injury during a period of one hundred and fifty weeks.

■ It is the established law in this state that compensation for permanent partial loss of the use of a hand is to be determined under the last paragraph of Section 12 of said Article 8306, and that "payment of compensation each week, as there provided, is required to be made in the proportion that the use of the hand is permanently lost." Fidelity Union Casualty Co. v. Munday et al., Tex.Com.App., 44 S.W.2d 926, 928, and subject to the same time limitation as in the case of a permanent loss of the use of the member. Texas Employers Ins. Ass'n v. Moreno, Tex.Com. App., 277 S.W. 84; Lumberman's Reciprocal Ass'n v. Pollard, Tex.Com.App., 10 S.W.2d 982; Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; Texas Emp. Ass'n v. Maledon, Tex.Com. App., 27 S.W.2d 131.

In the instant case the trial court awarded appellant six weeks total disability for the period of time during which he had suffered from a specific injury to his left wrist and hand, and a concurrent general injury and the jury having found that following the termination of his total disability appellant had suffered a partial disability confined to his left wrist which did not result from injury to any other portion of his body and did not extend to or affect any other portion of his body, the court awarded appellant further compensation for an additional period of 144 weeks of 60% of appellant's average weekly wage of $82.34 proportioned to the 25% of incapacity which the jury found the loss sustained bore to the total loss of appellant's wrist and hand, amounting to $12.35.

The exact question presented in this appeal has been decided adversely to appellant's contention in the case of Western Indemnity Co. v. Milam, Tex.Civ.App., 230 S.W. 825, application for writ of error refused by the Supreme Court.

■ In that case the court held that the proper method to follow in computing compensation for partial disability, under the Workmen's Compensation Act, was to limit 60% of the average weekly wages to $15.00 per week (the maximum compensation allowed at that time) and to fix the compensation to the employee by multiplying 60% of the average weekly wages by the percentage of disability, limiting the compensation to $15.00 per week.

The rule announced in the Milam case was followed by the Beaumont Court of Civil Appeals in the recent case of Zurich General Accident & Liability Ins. Co., Ltd., v. Thomas, Tex.Civ.App., 187 S.W.2d 689, 690, in which the exact question involved in this case was at issue, in which the court in its opinion said:

"The only question presented for determination on appeal is whether the trial court observed the proper rule of computation of payments to be made for permanent partial loss of the use of a member. * * *

"We believe that the phrase in the last paragraph of Section 12 of Article 8306 of the Workmen's Compensation Law, which reads, 'but not to exceed $20.00 per week,' must be read as a part of such paragraph to mean that the 60% of the average weekly wages referred to must in no event be in excess of the maximum of $20.00 per week, as was held in the Western Indemnity Co. v. Milam, case, cited above. We believe the trial court correctly computed the compensation payments of the appellee in this case, allowing $10 per week for 200 weeks, which was 50% of the maximum $20 per week."

■ It follows that the judgment of the trial court in awarding compensation to appellant in the sum of $12.35 for partial permanent disability must be so reformed as to provide that payment of compensation to appellant for partial permanent disability to his left wrist and hand be reduced from $12.35 per week to $5 per week, and that as so reformed the judgment of the trial court be affirmed.

Reformed and affirmed.