H. E. DENBOW v. STANDARD ACCIDENT INSURANCE COMPANY.
No. A-868. Decided November 13, 1946.
(199 S. W., 2d Series, 651.)

*Jimmy Phillips*, of Angleton, and *B. C. Johnson*, of Houston, for petitioner.

The Court of Civil Appeals erred in reforming the judgment of the trial court. Southern Underwriters v. Boswell, 138 Texas 255, 158 S. W. (2d) 280; Maryland Casualty Co. v. Boverie, 37 S. W. (2d) 310; Employers Lloyds v. Scott, 138 S. W. (2d) 262.

*Kemper & Cramer*, of Houston, for respondents.

The trial court incorrectly figured the amount of compensation due claimant for his partial injury. Texas Emp. Ins. Assn. v. Shilling, 279 S. W. 865; Texas Emp. Ins. Assn. v. Moreno, 277 S. W. 84; Lumbermen's Reciprocal Asso. v. Pollard, 10 S. W. (2d) 982.

MR. JUSTICE SLATTON delivered the opinion of the Court.

This case was first appealed to the Court of Civil Appeals at Galveston, and its opinion is reported in 183 S. W. (2d) 680. This Court granted a writ of error, and the opinion of the Su-

preme Court is reported in 143 Texas 455, 186 S. W. (2d) 236. On the second trial the jury found as follows:

(a) That Denbow's total disability from January 8, 1943, to January 20, 1943, was the result of injury to his body as well as an injury to his life wrist; (b) that following the termination of such total disability on February 20, 1943, he suffered partial disability; (c) that partial disability after February 20, 1943, was confined to his left wrist and did not result from any injury to any other portion of his body; (d) and that such wrist disability did not extend to or affect any other portion of his body; (e) that the partial disability to Denbow's left wrist was permanent; (f) that it amounted to a 25% permanent partial disability to his left hand and wrist.

On these findings the trial court rendered judgment for Denbow for six weeks at the rate of $20.00 per week, and one hundred forty-four weeks at the rate of $12.35 per week, less the sum of $140.00, which had theretofore been paid.

On appeal the Galveston Court of Civil Appeals reformed the judgment of the trial court and reduced the compensation rate from $12.35 per week to $5.00 per week, and rendered judgment for the permanent partial loss of use of the left wrist for the remaining one hundred forty-four weeks. 193 S. W. (2d) 301.

The average weekly wage of Denbow was agreed to be $82.34.

Denbow makes two contentions in this Court. He insists that he is entitled to six weeks for temporary total disability at the rate of $20.00 per week and permanent partial disability for a period of three hundred weeks at the rate of $12.35 per week, under Sections 10 and 11 of Article 8306. He also insists that the Court of Civil Appeals erred in reducing the judgment to $5.00 per week for one hundred forty-four weeks.

The first contention is without merit. The findings of the jury of total disability for a period of six weeks entitled Denbow to the maximum payment of $20.00 per week, regardless of the nature of his injury, that is, whether general or specific. The finding of the jury to the effect that the injury to the wrist did not extend to other parts of the body limits Denbow's right to a recovery for a specific injury to the wrist. Texas Employers' Insurance Ass'n. v. Maledon, 27 S. W. (2d) 151; Fidelity

270

Union Casualty Co. v. Munday, 44 S. W. (2d) 926, and authorities there cited.

His compensation must be calculated under Section 12 of Article 8306, which provides weekly compensation "for the loss of a hand sixty per cent of the average weekly wage during one hundred fifty weeks."

In the case of Texas Employers' Insurance Ass'n. v. Holmes, 145 Texas 158, 196 S. W. (2d) 390, the correct method of calculating compensation for a specific injury was decided by a majority of this Court to be in accordance with the method employed by the trial court. This opinion was handed down on June 19, 1946, and the motion for rehearing was overruled on October 9, 1946. It is now the settled law of this state.

Accordingly, we must reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

Opinion delivered November 13, 1946.