**J. C. PEOPLES, Appellant,**

v.

**UNITED STATES CASUALTY COMPANY,
Appellee.**

**No. 13204.**

Court of Civil Appeals of Texas.

Houston.

March 13, 1958.

Rehearing Denied April 3, 1958.

---

[1]. Discovered peril was not pleaded and no issues on this theory were submitted to the jury.

Musick, Musick & Heath, Ted Musick, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Charles M. Haden, Houston, for appellee.

WERLEIN, Justice.

This is a workmen's compensation suit brought by J. C. Peoples against United States Casualty Company to recover compensation as a result of injuries sustained by him while in the employ of Paul N. Kugle Company. On the jury's verdict the court rendered judgment for appellant, J. C. Peoples, against appellee for $494.14, being accrued compensation at the rate of $7.54 per week for 64 weeks, and further decreed that appellant recover from appellee the sum of $7.54 per week for the period of 99 weeks beginning June 27, 1957. It was recited in the judgment that the appellee had paid appellant compensation for 37 weeks from the date of injury on July 12, 1955, to March 28, 1956, at the rate of $25 per week, amounting to $925.

The jury, in answer to Special Issues, found that appellant suffered a 20% partial loss of the use of his right leg and that the injury to his leg did not extend to or affect parts of his body other than such leg.

Appellant has perfected his appeal to this Court.

Appellant's First Point of Error is that the trial court erred in failing to submit issues requested by him regarding a general injury arising out of the accident on July 12, 1955. Appellant submitted numerous issues covering a general injury to his body, all of which issues were refused by the court.

■ Under Rule 277, Texas Rules of Civil Procedure, it was the duty of the trial court to submit the cause "upon special issues raised by the written pleadings and the evidence in the case." The transcript contains the plaintiff's original petition, in which appellant pleaded injuries to his body generally. However, there is no statement of facts on file in this Court, and we must therefore presume that the court submitted issues raised by the pleadings and the evidence in the case, and properly refused the issues requested by appellant. See Texas Employers' Insurance Ass'n v. Patterson, 144 Tex. 573, 192 S.W. 2d 255; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. See also Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683, 685, in which the court stated:

> "In the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court."

See also Baker v. Rutherford, Tex.Civ. App., 293 S.W.2d 669, writ refused, n. r. e.

In Vaughn v. Gulf Ins. Co., Tex.Civ. App., 151 S.W.2d 227, 229, the court made the following statement:

"Four of appellant's propositions complain of the failure of the trial court to submit certain specially requested issues. There being no statement of facts, appellant has not shown any error in this respect."

See also McElyea v. Parker, Tex.Com. App., 125 Tex. 225, 81 S.W.2d 649, 653, wherein there was no statement of facts filed, and the court stated: "Everything must be presumed in favor of the judgment, which is not concluded by the record."

In Gill v. Willis, Tex.Civ.App., 282 S.W. 2d 88, 89, no writ history, no statement of facts was filed. The court said:

"Every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. * * * To obtain reversal of a judgment the burden is on an appellant to show the court erred and that he was probably injured thereby."

See also Texas State Board of Medical Examiners v. McClellan, 307 S.W.2d 317, writ refused, n. r. e., recently decided by this Court.

■ Appellant's Second Point of Error is that the amount of the judgment is incorrectly computed and not based upon the pleadings, stipulations, evidence, and answers of the jury to Special Issues. From the court's judgment it appears appellant's average weekly wage was $62.91. Appellant was paid 37 weeks compensation from the date of injury on July 12, 1955, to March 28, 1956, for total incapacity, at the rate of $25 per week, amounting to $925. In the judgment it was decreed that the plaintiff recover accrued compensation in the sum of $494.14 representing compensation for 64 weeks at the rate of $7.54 per week. This left 99 weeks of the 200 weeks

maximum applicable to an injury to a leg at or above the knee. The judgment then provided for payment to appellant of $7.54 per week for 99 weeks.

Article 8306, Sec. 12, Vernon's Ann. Texas St., provides for compensation for the loss of a leg, 60% of the average weekly wage of the employee during 200 weeks. 60% of $62.91 amounts to $37.74. The jury found that appellant's incapacity was 20% as applied to the use of his leg. 20% of $37.74 is $7.54, the amount of weekly compensation to be paid appellant in accordance with the court's judgment. This calculation is in accordance with the late decisions of our courts. See Texas Employers' Ins. Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390; Denbow v. Standard Accident Insurance Co., 145 Tex. 267, 199 S.W.2d 651; Traders & General Ins. Co. v. Jones, Tex. Civ.App., 201 S.W.2d 105, error refused, n. r. e.

■ Appellant strenuously contends that under Art. 8306, Sec. 12, an injured employee shall receive as compensation not less than $9 per week for the respective periods provided therein, and that he should therefore receive $9 per week instead of $7.54. It is true that Article 8306, Sec. 12, in the first paragraph thereof, so provides, but it has reference there to the total loss of specific members. The same Article, in the last paragraph thereof, where reference is made to partial incapacity, provides as follows:

"The compensation paid therefor shall be sixty per cent (60%) of the average weekly wages of the employees but not to exceed Twenty-five Dollars ($25) per week, multiplied by the percentage of incapacity caused by the injury for such period not exceeding three hundred (300) weeks as the board may determine. Whenever the weekly payments under this paragraph would be less than Three Dollars ($3) per week, the period may be shortened, and the payments correspondingly increased by the board."

In the case of partial incapacity under Article 8306, Sec. 12, it is only where the weekly payment is less than $3 per week that the period may be shortened and the payments correspondingly increased.

The judgment of the trial court is affirmed.