**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Owen C. SHORES, Appellee.**

**No. 16070.**

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 20, 1959.

Rehearing Denied Dec. 18, 1959.

Keith, Mehaffy, McNicholas & Weber, and James D. McNicholas, Beaumont, for appellant.

Adams & Browne, and Gilbert T. Adams, Beaumont, for appellee.

MASSEY, Chief Justice.

On October 16, 1959, we entered judgment reforming and affirming the judg-

ment of the trial court. After further study of the case on motion for rehearing we have come to the conclusion that we erred in our reasons therefor and to the extent of our previous reformation. The former opinion is hereby withdrawn and the following substituted therefor.

This is a Workmen's Compensation case. Appellee Owen C. Shores recovered a judgment against appellant Fidelity & Casualty Company of New York for compensation because of a twenty per cent (20%) permanent partial loss of use of his right leg. The insurer appealed.

On appeal the insurer does not complain because of any error occurring during the course of the trial, nor of the answers of the jury upon which the judgment was entered. It does complain however that the trial court erred in the method of calculating the amount of weekly compensation for which the judgment was entered, payable over a period of two hundred (200) weeks.

By cross-assignment the appellee contends that if and in the event it should be determined that the amount of weekly compensation decreed by the court was erroneous, that this court calculate proper compensation to which the appellee is entitled under the provisions of Section 12, Art. 8306, Vernon's Ann.Civ.St., as amended, and render judgment that said proper weekly compensation be paid over a period of three hundred (300) weeks in further compliance with the provisions of said Section.

Reformed and, as reformed, affirmed.

The situation as to injury and disability in the case on appeal is almost exactly the same as the situation in the case of Texas Employers' Ins. Ass'n v. Holmes, 1946, 145 Tex. 158, 196 S.W.2d 390, commonly referred to as the Holmes case, or the Holmes decision. The employee in each case sustained an injury to the right leg, resulting in a permanent partial loss of use thereof, or incapacity as applied thereto, in a certain percentage. Holmes'

loss of use was 35%. Appellee's loss of use is 20%.

The trial court which heard the Holmes case was of the opinion that under the provisions of the Texas Workmen's Compensation Act, and particularly in view of Section 12, Art. 8306, as it then read, the proper method of computing the amount of compensation to be awarded to Holmes would be to multiply his average wage by 60%, and then (disregarding whether the resulting figure exceeded the then applicable maximum weekly compensation figure ordinarily payable) to multiply the result by 35%, as the percentage of permanent loss of use of the bodily member, in order to finally obtain the amount of weekly compensation which should be paid to Holmes. (While not a matter at bar in the Holmes case, it is to be noted that the trial court's judgment decreed that the weekly compensation figure thus arrived at should be paid over a period of two hundred (200) weeks. In the schedule portion of Section 12, Art. 8306, weekly compensation payable in the event of a total loss of a leg, or a total loss of use of a leg, is provided to be paid over a period of two hundred (200) weeks.)

On appeal the Court of Civil Appeals certified the question of the propriety in the trial court's method of calculating Holmes' weekly compensation to the Supreme Court. The Holmes decision is in answer to the question as so certified.

At the time the decision was rendered in the Holmes case, Section 11 of Art. 8306 read as follows:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than * * * (the then maximum weekly compensation figure) per week. The period covered by

such compensation shall be in no case greater than three hundred (300) weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one (401) weeks from the date of injury."

By amendment, Acts 1957, 55th Leg., p. 1186, Ch. 397, the foregoing language was repeated, after which the following further language was added:

*"Compensation for all partial incapacity resulting from a general injury shall be computed in the manner provided in this Section, and shall not be computed on a basis of a percentage of disability."* (Emphasis supplied.)

At the time the decision was rendered in the Holmes case, the last paragraph of Section 12, Art. 8306, read as follows:

*"In all other cases of partial incapacity,* including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employee, and the age at the time of injury. The compensation paid therefor shall be *sixty per cent (60%) of the average weekly wages of the employees but not to exceed * * * * (the then maximum weekly compensation figure) *per week, multiplied by the percentage of incapacity caused by the injury for such period not exceeding three hundred (300) weeks as the board may determine.* Whenever the weekly payments under this paragraph would be less than Three Dollars ($3) per week, the period may be shortened, and the payments correspondingly increased by the board." (Emphasis supplied.)

By amendment, Acts 1957, 55th Leg., p. 1186, Ch. 397, the prior paragraphs of Section 12, Art. 8306, were repeated without change, but the last paragraph of the Section was amended so as to read as follows:

*"In all other cases of partial incapacity,* including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employee, and the age at the time of injury. The compensation paid therefor shall be *calculated by first determining a basic figure amounting to sixty per cent (60%) of the average weekly wages of the employee, but which basic figure shall not exceed Thirty-five Dollars ($35); such basic figure shall then be multiplied by the percentage of incapacity caused by the injury, and the result shall be the weekly compensation which shall be paid for such period not exceeding three hundred (300) weeks as the Board may determine.* Whenever the weekly payments under this paragraph would be less than Three Dollars ($3) per week, the period may be shortened, and the payments correspondingly increased by the Board." (Emphasis supplied.)

The question is whether there was such an effect upon the Texas Workmen's Compensation Act as the result of the amendments aforesaid as to change the method of calculating the amount of weekly compensation which the Supreme Court prescribed in the Holmes decision under the provisions of Section 12, Art. 8306, as the same obtained prior to the effective date of the amendments.

We have arrived at the opinion that perforce the amendments there has been a change in the method of calculating the amount of weekly compensation in instances where there is a permanent partial loss of use of specific members enumerated in the schedule portion of Section 12, and that at present, and as applied to the case before us on appeal, the proper manner of calculating the weekly compensation payable to an injured employee who has sustained a percentage of permanent par-

tial disability as applied to his leg would be by ascertaining the amount in money under the formula in said last paragraph to be the "basic figure" and then to multiply said amount by the percentage of incapacity (or loss of use) to the specific member, in order to arrive at the resulting amount in money as the weekly compensation to be paid.

We have arrived at this opinion relative to the method of calculating the amount of weekly compensation because the majority of the Supreme Court decided in the Holmes case that the calculation would be under the last paragraph of Section 12, and therefore we are obliged in the instant case to calculate the proper amount of weekly compensation under the same paragraph. The difference and distinction to be made in the calculation would only be because of there having been an amendment of the provisions of the paragraph between the time the Supreme Court handed down the Holmes decision and the time of the injury to the appellee in the case before us.

■ Under the facts in the case before us the average weekly wage was $120 per week. Under ordinary circumstances the "basic figure" would be found by multiplying $120 by 60%, but since the result would be in excess of the present maximum compensation amount of $35, and since under the provisions of the last paragraph, which we have stated is controlling, the "basic figure" may not exceed $35, it must be treated as though it were exactly $35. The facts of the case disclosing that the percentage of permanent partial disability as applied to the leg was 20%, we calculate 20% of $35 and obtain the resulting figure of $7. If we are correct in our interpretation of the present statute, said monetary figure is the prescribed amount of weekly compensation to be paid in this case.

We could write at length upon the development of the pertinent portions of the Act, upon the applicable rules of statutory construction, and upon the cases under the Act as it existed prior to the effective date of the amendments, but the student may find all of this discussed in the Holmes case majority and concurring opinions and separately filed dissenting opinions, or in the authorities cited by the learned judges in support of their conclusions. This case being the first which has reached the appellate courts since the effective date of the amendments quoted by us, suffice it to state that we have arrived at our holding through what we trust is a correct application of rules of statutory construction, with due consideration of what has been written in the several opinions handed down in the Holmes case relating to Section 12, in particular as applied to the eliminated language which appeared in the last paragraph thereof prior to its amendment.

By a cross-assignment the appellee in the case before us prays that if and in the event we should arrive at our holding aforesaid that we reform the judgment entered below and render judgment allowing compensation for three hundred (300) weeks of compensation at the rate of $7 per week, as is further provided by the last paragraph of Section 12, Art. 8306. Appellee says that said last paragraph specifically provides that when the weekly compensation is calculated and determined according to the formula set forth therein it shall be *"paid for such period not exceeding three hundred (300) weeks as the Board may determine."* (Emphasis supplied.)

■ In the Holmes case the Supreme Court had no occasion to pass on the matter of period of time over which the weekly compensation was to be paid, for the parties to the controversy before them were in agreement that compensation should be payable for two hundred weeks. Though we believe we are controlled by and it is our duty to follow the Supreme Court in holding that the calculation of the amount of weekly compensation to be paid will be under the last paragraph of Section 12, we do not believe that it necessarily follows that we are obliged to determine the period over which the compensation is to be paid under the same Section. To construe the Workmen's Compensa·

tion Act or any part thereof, where there is room for construction, so that absurd consequences would be the necessary result should be avoided. We have concluded that there is room for construction here. 58 Am.Jur., p. 593, "Workmen's Compensation", sec. 26, "Construction of Statutes—Generally."

An amicus curiae brief submitted to us in this case points out the absurdity of calculating the period of time over which compensation should be paid under the provisions of the last paragraph of Section 12 by a case hypothesized in supposing a partial permanent loss of the little finger. The schedule portion of the Section specifically provides that for the loss of the little finger an injured employee is entitled to 60% of his average weekly wages for 15 weeks. Assuming a wage rate of at least $60, the employee losing the entire finger would recover $525. On the other hand, if he only lost 50% of the use of such finger he would receive 50% of $35, or $17.50, for a total of 300 weeks (under the provisions of the last paragraph of Section 12), that is $5,250, or exactly ten times his recovery had he sustained a total loss of use of the finger.

In a series of four opinions over a like number of years, the Texas Commission of Appeals seemingly resolved the question of whether partial loss of use of a member enumerated in the schedule portion of Section 12 was to be paid compensation over the three hundred weeks provided by the last paragraph of the Section, or under the provisions other than the last paragraph. In each instance the period over which the proper amount in compensation was to be paid was held to be the same number of weeks as provided in the schedule for "total loss" of enumerated members. Lumbermen's Reciprocal Ass'n v. Pollard, Tex.Com.App.1928, 10 S.W.2d 982; Petroleum Cas. Co. v. Seale, Tex. Com.App.1929, 13 S.W.2d 364; Texas Employers' Ins. Ass'n v. Maledon, Tex.Com. App.1930, 27 S.W.2d 151; and Fidelity Union Casualty Co. v. Munday, Tex.Com. App.1932, 44 S.W.2d 926. In the Munday

case, last cited, the following language appears at page 928, viz.: "With regard to a permanent partial loss of the use of a hand, it has been repeatedly held, in effect, that such a loss comes within the purview of the above provisions (the schedule portion of Section 12) and that payment of compensation each week, as there provided, is required to be made in the proportion that the use of the hand is permanently lost. (Cases here cited.) That holding was expressly approved by the Supreme Court in the Seale case, and impliedly approved in the other two. In conference with the Supreme Court, we have been authorized to declare all holdings to the contrary, in other cases, overruled."

█ We do not believe that it necessarily follows from the Holmes decision that we are bound to arrive at the number of weeks over which compensation is to be paid by reference to the provisions of the last paragraph of Section 12, even though that paragraph controls the manner by which the weekly compensation amount is to be computed. To the contrary we are of the opinion that the holdings of the Commission of Appeals above cited (between 1928 and 1932) correctly decide the length of time to which employees are entitled to compensation payments because of partial permanent loss of use of members enumerated in the schedule portion of Section 12. Indeed, the Supreme Court (speaking through Associate Justice Slatton, who wrote a dissenting opinion in the Holmes case) held that time in such a case should be so computed. This was done in a decision handed down subsequent to the Holmes decision, though it is true that the attempt was being made in the instance under consideration to have the period measured by Section 11 rather than by any part of Section 12. Denbow v. Standard Acc. Ins. Co., 1946, 145 Tex. 267, 199 S.W. 2d 651.

We have been cited to a most excellent article by one Don M. Dean, entitled "Partial Incapacity Under the Texas Workmen's Compensation Act", Southwestern Law Journal, 1958, Vol. 12, p. 100. In

particular see the author's discussion on "Specific Injuries" at p. 106, "The Holmes Decision" at p. 111, and " 'All Other Cases of Partial Incapacity' " at p. 114.

In the first part of this opinion we have held that the appellant insurer is correct in insisting that the calculation of the amount of weekly compensation to be paid to appellee should be under the last paragraph of Section 12, Art. 8306, and that by such calculation his weekly compensation is in the amount of $7. We overrule the cross-assignment of error presented by appellee in the insistence that the period over which such weekly compensation is to be paid should be three hundred (300) weeks as provided by the same paragraph, and hold that the period over which compensation is payable is the two hundred (200) weeks provided in the case of the total loss of, or total loss of use of, a leg.

Judgment is reformed so as to provide for the recovery of compensation at the rate of $7 per week for a period of two hundred (200) weeks.

Reformed and, as reformed, affirmed.