Mary E. NEWSOM et vir., Appellants,

v.

Lawrence J. MOERTLE ex ux., Appellees.

No. 5810.

Court of Civil Appeals of Texas, Waco.

Oct. 27, 1977.

James E. Ferguson, Cleburne, for appellants.

Tommy Altaras and Jack Altaras, Altaras, Altaras & Altaras, Cleburne, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Newsom from $7,000. judgment for plaintiffs Moertle, in a suit for damages for breach of an option contract and covenant.

Plaintiffs Moertle sued defendants Newsom alleging defendant Mary Newsom contracted to sell and conveyed to plaintiffs 4.21 acres of land in Johnson County; that such contract and deed contained an express option and covenant that plaintiffs "will have first option to purchase the property adjoining the above described property if and when any part of said property is sold by seller"; that defendants conveyed a portion of the adjoining property without giving plaintiffs opportunity to purchase same; to plaintiffs' damage.

Defendants' answer asserted among other matters that the purported option was not a valid option, and that the land con-

veyed was not sold, but was given to defendants' son, thus not sold in violation of the option.

Trial was to a jury which found:

1) After the date of the contract and covenant Mrs. Newsom sold another portion of her approximate 46 acre tract.

2) That such sale was a violation of Mrs. Newsom's option agreement with plaintiffs as provided in the warranty deed dated May 4, 1973.

3) That the market value of plaintiffs' tract of land before violation of the option agreement was $49,000.; that such value was $42,000. after violation of the option agreement.

The trial court rendered judgment for plaintiffs for $7,000.

Defendants appeal on 12 points principally contending:

1) The trial court erred in finding that the option made the basis of this suit was a valid option.

2) There is no evidence to support the jury's answers to Issue 3.

3) The trial court erred after the jury first returned its verdict, in orally instructing the jury to return and reconsider its answers to Issue 3.

Contention 1 asserts the option is not a valid option because of inadequate description of the land upon which the option was granted; and that parol evidence was not admissible to show what land was optioned.

Plaintiffs and defendant Mrs. Newsom entered a contract for the sale and purchase of a tract of land in Johnson County described as 4 acres more or less out of a 99.48 acre tract, which was described by metes and bounds. The contract provided "Seller agrees that Buyers will have first option to purchase same if and when any part of the above described tract is sold by the Seller herein * * ". Pursuant to such contract plaintiffs purchased 4.21 acres out of the 99.48 described tract paying $49,000. for same. Mrs. Newsom executed and delivered to plaintiffs a warranty deed describing such 4.21 acres out of the 99.48 acre

tract recited to have been conveyed to Mrs. Newsom (then Duckett) and her then husband. The deed further recites:

"It is further understood and agreed that the Buyers will have first option to purchase the property adjoining the above described property if and when any part of said property is sold by the Seller herein * * ."

Thereafter Mrs. Newsom conveyed a 5 acre tract out of the 99.48 tract to her son, without notifying plaintiffs or giving them opportunity to purchase same. Mrs. Newsom contended that she gave the property to her son but the jury resolved otherwise, and such is not complained of.

The deed on its face shows that the 4.21 acres was carved out of a 99.48 acre tract conveyed to Mrs. Newsom (Duckett) and her then husband. Mrs. Newsom testified she was divorced from her husband and that in the divorce proceedings she had 50 acres with the house set aside to her out of the 99.48 acre tract; that she recognized the option as being in the deed to the plaintiffs, and it was her intention to live up to such option.

The deed describes the 99.48 acres as property conveyed to the seller and her husband; and the deed to plaintiffs refer to the optioned property as the "seller's property". Such is sufficient description to authorize the showing by extrinsic evidence what portion of such 99.48 acres is actually owned by seller and option granted thereon. *Pickett v. Bishop,* Tex., 223 S.W.2d 222.

Contention 2 asserts there is no evidence to sustain the jury's answers to Issue 3. The deed to plaintiffs for the 4.21 acres containing the option to purchase the adjoining property, recites that plaintiffs paid a consideration of $49,000. There is evidence that the 4.21 acres without the option would be worth less than $49,000. and the witness Brown testified the property was worth $38,000. without the option.

Contention 3 asserts the trial court erred in orally instructing the jury to return and reconsider its answers to Issue 3.

When the jury first returned its verdict to the trial judge it answered Issue 3: $56,-000. as the value of the 4.21 acres with the option, and $49,000. as the value without the option.

The trial judge orally instructed the jury that their answers to Issue 3 should conform to the evidence. The jury then reconsidered their verdict and answered $49,000. value with the option and $42,000. value without the option.

Rule 295 TRCP requires the trial court to call the jury's attention *"in writing"* to defective verdict, and send them back on further deliberation.

The court's oral instruction to the jury, if error, is obviously harmless under Rule 434 TRCP, since the difference in both instances is $7,000.; and there is evidence plaintiffs spent in excess of $7,000. on the property. See also *Denbow v. Standard Acc. Ins. Co.,* Tex., 186 S.W.2d 236.

All defendants' points and contentions are overruled.

AFFIRMED.