## LUMBERMEN'S RECIPROCAL ASS'N v. POLLARD. (No. 853–4933.)

Commission of Appeals of Texas, Section B. Dec. 5, 1928.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

White & Yarborough, of Dallas, for defendant in error.

LEDDY, J. Defendant in error, J. B. Pollard, by proper proceedings, sought to set aside an award made under the Workmen's Compensation Act by the Industrial Accident Board, and to recover compensation for injuries alleged to have been sustained by him on October 1, 1925, while in the employ of the Silvers Box Corporation at Dallas, Tex. The case was submitted to a jury on special issues. The jury found in answer to such issues that defendant in error had suffered a 75 per cent. disability to his right hand and a 65 per cent. disability to his right arm, and that each of these disabilities was permanent. Upon these findings the trial court rendered judgment in favor of the defendant in error, based upon the disability to his hand, for 60 per cent. of his average weekly wages for a period of 150 weeks, and for the same rate for an additional 50 weeks, based upon the injury to his arm.

The honorable Court of Civil Appeals (295 S. W. 279) held, as defendant in error lost neither hand nor arm, nor the total loss of the use of either, that recovery could not be had under the specific injury provision of the statute, but should be governed by the last paragraph of section 12, article 8306, R. S. 1925.

Plaintiff in error concedes the correctness of this holding, but complains, first, that the court, after determining the injury was not one properly compensable under the specific injury statute, erroneously affirmed the judgment of the trial court, which fixed the compensation under such provision of the statute; and, second, that compensation should have been fixed under the provision of section 11, article 8306. We do not fully concur with either contention. We think the injury in this case falls under the next to the last paragraph of section 12 of article 8306. This paragraph provides:

"In all cases of permanent partial incapacity it shall be considered that the permanent loss

of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases."

▮ Defendant in error, under the proof, sustained a permanent partial incapacity to a specific member of the body. The first paragraph of section 12 allows 60 per cent. of the average weekly wages of such employee, not less than $7 per week, nor exceeding $20 per week, for complete loss of the hand. Following this specific compensation for the loss of the use of a member, we think it was contemplated by the provision above quoted that, if a person lost the complete use of a member, it should be considered the same as if the member had been amputated, and further, that, if the person had a permanent partial incapacity to a member, he should receive the compensation provided in section 12 for the loss of the specific member proportioned to the percentage of incapacity which the loss sustained would bear to the total loss of the member.

We think, as held by us in the Moreno Case, 277 S. W. 84, that section 11 was intended to cover general injury, and has no application where the injury claimed is to any specific member of the body named in the schedule set forth in section 12.

▮ Plaintiff in error further insists that the defendant in error suffered only one injury, which was to the hand, and that such an injury cannot be divided into two units, as was done in this case, and calculated as an injury to the hand and to the arm. This contention must be sustained. In construing similar acts, it is generally recognized by the courts that an injury below the elbow is considered an injury to the hand, while an injury above the elbow is considered an injury to the arm. Our statute impliedly recognizes this distinction in the provision providing payment for the loss of an arm "at or above the elbow."

In Ætna Life Insurance Co. v. Rodriguez (Tex. Civ. App.) 255 S. W. 446, the trial court allowed 28 per cent. permanent disability to the right arm from the elbow down and 65 per cent. permanent disability for the right hand and wrist. It appears in that case, as in this case, that the sole injury was below the elbow. It was held that the injury was to the hand, and that no additional compensation could be allowed for disability to the arm. In passing on the question the court said:

"The precise question does not appear to have been decided, or even discussed, by Texas courts, but it has been held in other jurisdictions that injuries between the elbow and the wrist should be considered injuries to the hand (for the purpose of determining permanent disability), and that such injuries cannot be separated into two units, one to the forearm and one to the hand or wrist. * * * It is not necessary to decide this question here, however, for the reason that the evidence in this case does not in our opinion warrant the separation of appellee's permanent partial incapacity into two units, one to the arm, and one to the hand or wrist. The permanent injuries to appellee comprised one burn, beginning a few inches below the elbow, and extending down to and along the wrist. The elbow was not affected, and the sole impairment was to the use of the hand and fingers; the use of the arm does not appear from the evidence to have been impaired, except as it was affected through the hand or wrist."

A similar ruling was made in the case of State ex rel. Kennedy v. District Court of Clay County, 129 Minn. 91, 151 N. W. 530, wherein the Supreme Court of Minnesota, in discussing an attempt to divide an injury to the hand into two units, one to the hand and one to the arm, stated:

"We think the trouble arises largely, if not wholly, with the attempt of the trial court to separate the injuries into two units: Those to the hand, and those to the arm. * * * If there were no injuries except to the hand and forearm, we think the court should have awarded compensation based upon a percentage of total disability to the hand. If there were permanent injuries to the arm above the elbow, the court should not have attempted to separate these injuries from those to the hand, but should have found the percentage of total disability to the arm as a whole, and should have awarded compensation accordingly. If the division of the arm into two units for the purpose of fixing compensation under the Act is proper, there would be no reason for saying that the thumb, the different fingers, phalanges of the thumb and of each finger, might each be considered as a separate unit and the compensation allowed for these injuries added together and added to the compensation allowed for the loss of a hand or arm. This was plainly not the intent of the law. There should be but one unit for measuring the injury and the compensation to be awarded."

The use of the defendant in error's arm was only impaired by reason of the injury to the hand. We think, therefore, that the injury is but one, and that the judgment rendered by the trial court permits a recovery not authorized by the provisions of the act.

Under the state of the record in this case we do not think a reversal of the judgment is required. That portion of the finding of the jury with reference to the percentage of injury to the arm may be disregarded, as it is wholly immaterial, and would not entitle the defendant in error to recovery therefor under any view of the pleadings and the evidence.

The other finding, that the defendant in error suffered a 75 per cent. partial permanent incapacity to the hand, furnishes a basis for the awarding of a correct amount of compensation under the terms of the act. Inasmuch as the specific schedule for the loss of a hand provides for 60 per cent. of the average weekly wages for 150 weeks, and defend-

984

ant in error having sustained a 75 per cent. partial permanent incapacity to the hand, he is entitled to 75 per cent. of 60 per cent. of his average weekly wages, or 45 per cent. of such wages, for the period of 150 weeks.

We therefore recommend that the judgments of the trial court and the Court of Civil Appeals be reformed, so as to decree a recovery in favor of defendant in error against plaintiff in error for 45 per cent. of his average weekly wages for a period of 150 weeks, and that, as so reformed, the judgment be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reformed and affirmed, as recommended by the Commission of Appeals.