**Wiley D. BRISCO, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Appellee.**

No. 15767.

Court of Civil Appeals of Texas.

Dallas.

Feb. 3, 1961.

Carter, Gallagher, Jones & Magee, and Ben T. Warder, Jr., Dallas, for appellant.

Thompson, Knight, Wright & Simmons, and David M. Kendall, Jr., Dallas, for appellee.

WILLIAMS, Justice.

This is a workmen's compensation case. The sole question involves the proper computation of the amount of compensation due for a permanent-partial disability to a specific member of the body. Appellant sued appellee insurance company to recover compensation for an accidental injury to his left leg. By stipulation the material facts, except the method of calculating 25% permanent-partial disability to the specific member for a period of 178½ weeks, was agreed. Appellant's average weekly wage was stipulated at $130 per week and it was undisputed that he had been totally disabled for a period of 21⅞ weeks for which he had been paid compensation.

Appellant's motion for judgment was predicated upon the computation for permanent-partial loss of a specific member which had been approved by the Supreme Court in Texas Employers' Insurance Association v. Holmes, 1946, 145 Tex. 158, 196 S.W.2d 390, i. e., by taking 60% of the average weekly wage and multiplying that result by the percentage of disability, said amount (not to exceed the statutory limit) to be multiplied by the number of weeks of disability under the terms of the specific

disability statute. Appellee's motion for judgment was predicated upon the method of computation set forth in the last paragraph of Section 12, Art. 8306, Revised Civil Statutes of Texas, as amended by Acts of 1957, 55th Legislature, p. 1186, Ch. 397, i. e., that the compensation shall be calculated by first determining a basic figure amounting to 60% of the average weekly wages of the employee, but which basic figure shall not exceed $35 and such basic figure shall then be multiplied by the percentage of incapacity caused by the injury, and the result shall be the weekly compensation which shall be paid for such period as allowed by law. The trial court computed the method of compensation last stated, hence this appeal.

■ There is no question but that, prior to the amendment of Sec. 12, Art. 8306, Revised Civil Statutes, in 1957, that appellant's contention would be upheld by the decision in the Holmes case, supra. However, since that amendment it has been definitely held that the method of computation contended for by the appellee is correct.

The exact question was before the Fort Worth Court of Civil Appeals in Fidelity & Casualty Company of New York v. Shores, Tex.Civ.App.1959, 329 S.W.2d 911, 913, writ ref. In that case the plaintiff was entitled to 20% permanent-partial loss of his right leg. On appeal complaint was made that the trial court erred in the method of calculating the amount of weekly compensation, same being computed that under the provisions of the last paragraph of Sec. 12, Art. 8306, V.A.C.S., as amended. Chief Justice Massey of the Fort Worth Court of Civil Appeals, in a comprehensive opinion which discusses the Holmes opinion and the changes by amendment, says:

"We have arrived at the opinion that perforce the amendments there has been a change in the method of calculating the amount of weekly compensation in instances where there is a permanent partial loss of specific members enumerated in the schedule portion of Section 12, and that at present, and as applied to the case before us on appeal, the proper manner of calculating the weekly compensation payable to an injured employee who has sustained a percentage of permanent partial disability as applied to his leg would be by ascertaining the amount in money under the formula in said last paragraph to be the 'basic figure' and then to multiply said amount by the percentage of incapacity (or loss of use) to the specific member, in order to arrive at the resulting amount in money as the weekly compensation to be paid."

Concluding the court said:

"Under the facts in the case before us the average weekly wage was $120 per week. Under ordinary circumstances the 'basic figure' would be found by multiplying $120 by 60%, but since the result would be in excess of the present maximum compensation amount of $35, and since under the provisions of the last paragraph, which we have stated is controlling, the 'basic figure' may not exceed $35, it must be treated as though it were exactly $35. The facts of the case disclosing that the percentage of permanent partial disability as applied to the leg was 20%, we calculate 20% of $35 and obtain the resulting figure of $7."

■ The Supreme Court, by a refusal of the writ of error in the Shores case, supra, has decided that the principles of law declared in the opinion are correctly determined. Rule 483, Texas Rules of Civil Procedure.

Accordingly, we hold that the trial court's method of computation in this case, i. e., multiplying 25% by $35 and arriving at a rate of $8.75 per week for the unpaid period, was correct.

The judgment of the trial court is affirmed.