**Lillie Ann CAMPBELL et vir, Appellants,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 4360.**

Court of Civil Appeals of Texas, Eastland.

Jan. 30, 1970.

Rehearing Denied Feb. 27, 1970.

Huff & Bowers, Mike Thompson, Lubbock, for appellants.

Evans, Pharr, Trout & Jones, Carlton B. Dodson and John A. Flygare, Lubbock, for appellee.

COLLINGS, Justice.

This is a workmen's compensation case. Lillie Ann Campbell and her husband upon an appeal from the Industrial Accident Board sought to recover benefits from The Aetna Casualty and Surety Company for an injury sustained to Mrs. Campbell's left knee on September 24, 1968, while in the course of her employment for McMurray's Convalescent Home in Lubbock. The trial in the District Court was before a jury and based upon the verdict, judgment was rendered for plaintiffs in accordance with the court's construction of Section 12 of Article 8306, Vernon's Ann.Civ.Tex.St. Mrs. Campbell and her husband do not agree with the court's construction of the statute and have appealed.

The question presented on this appeal involves the proper computation of the amount of compensation due for a permanent partial disability to a specific member of the body. The material portions of Article 8306, Section 12, are as follows:

"Sec. 12. For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent (60%) of the average weekly wages of such employee, but not

less than Nine Dollars ($9) per week nor exceeding Thirty-five Dollars ($35) per week, for the respective periods stated herein, to wit:

\* \* \* \* \* \*

For the loss of a leg, at or above the knee, sixty per cent (60%) of the average weekly wages during two hundred (200) weeks.

\* \* \* \* \* \*

In all other cases of partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of incapacity, taking into account among other things any previous incapacity, the nature of the physical injury or disfigurement, the occupation of the injured employee, and the age at the time of injury. The compensation paid therefor shall be calculated by first determining a basic figure amounting to sixty per cent (60%) of the average weekly wages of the employee, but which basic figure shall not exceed Thirty-Five Dollars ($35); such basic figure shall then be multiplied by the percentage of incapacity caused by the injury, and the result shall be the weekly compensation which shall be paid for such period not exceeding three hundred (300) weeks as the Board may determine. Whenever the weekly payments under this paragraph would be less than Three Dollars ($3) per week, the period may be shortened, and the payments correspondingly increased by the Board. Acts 1923, p. 386; Acts 1947, 50th Leg., p. 521, ch. 307, § 1; Acts 1957, 55th Leg., p. 1186, ch. 397, § 1."

The jury found that Mrs. Campbell had suffered an injury which resulted in the temporary total loss of use of her left leg for the duration of 80 weeks. Followed by a 30% permanent partial loss of the use of same, and found her average weekly wage rate to be $53.08 per week. Based on these findings, the court entered judgment for plaintiffs for 80 weeks at $31.84 per week, being 60% as provided in the first paragraph of Section 12. The court also rendered judgment in favor of plaintiffs for 120 weeks at $9.56 per week, being calculated on the basis of 60% of $53.08, multiplied by 30% in accordance with the court's construction and application of Section 12. Appellants do not complain of the judgment involving the total loss of use for 80 weeks, nor do they contend for permanent partial loss of use of the leg for more than 120 weeks. They do contend, however, as urged in their one point of error that the court erred in calculating the weekly compensation rate to be paid appellants for 120 weeks of permanent partial loss of use of Mrs. Campbell's leg by using a percentage of loss of use. Appellants contend that the Compensation Act by its terms provides that the permanent partial loss of the use of the member is equivalent to and shall draw the same compensation as the loss of that member. The point is overruled.

In the case of Fidelity & Casualty Company of New York v. Shores, 329 S.W.2d 911 (CCA Ft. Worth, 1959, writ. ref.), it was held that an employee who suffered permanent partial loss of use of leg was entitled only to compensation calculated under the provision directing that compensation be calculated by first determining an amount equal to 60% of the employee's average weekly wage, so long as this amount does not exceed $35.00, and multiplying this amount by the percentage of incapacity. The same holding was made in Brisco v. Travelers Insurance Company, 342 S.W.2d 602, (CCA Dallas 1961, no writ history). In the Shores case it was held and stated as follows:

" \* \* \* We have held that the appellant insurer is correct in insisting that the calculation of the amount of weekly compensation to be paid to appellee should be under the last paragraph of Section 12, Art. 8306, and that by such calculation his weekly compensation is in the amount of $7. \* \* \* and hold

that the period over which compensation is payable is the two hundred (200) weeks provided in the case of the total loss of, or total loss of use of, a leg."

The court further said:

"We have arrived at this opinion relative to the method of calculating the amount of weekly compensation because the majority of the Supreme Court decided in the Holmes case that the calculation would be under the last paragraph of Section 12, and therefore we are obliged in the instant case to calculate the proper amount of weekly compensation under the same paragraph. The difference and distinction to be made in the calculation would only be because of there having been an amendment of the provisions of the paragraph between the time the Supreme Court handed down the Holmes decision [Texas Employers' Ins. Ass'n v. Holmes, 145 Tex. 158, 196 S.W.2d 390], and the time of the injury to the appellee in the case before us."

In our opinion the trial court's method of computing the amount of compensation due for the permanent partial disability to the specific member here involved was correct.

The judgment is affirmed.