Johnnie Lee **HERRIN**, Appellant,

v.

The **STANDARD FIRE INSURANCE COMPANY**, Appellee.

No. 476.

Court of Civil Appeals of Texas, Houston (14th Dist.)

April 28, 1971.

Rehearing Denied May 19, 1971.

———◆———

Thomas J. Mitchell of Mitchell & Doran, Houston, for appellant.

Thomas P. Sartwelle of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

BARRON, Justice.

This is a workmen's compensation case.

On March 13, 1969, appellant Herrin's right hand was crushed between two pipes while working for Production Systems. International, Inc., and as a consequence appellant sustained injuries which required surgical amputation of his middle finger and first metacarpal joint as well as additional injuries to his right hand. Appellee, The Standard Fire Insurance Company, the workmen's compensation insurance carrier, paid appellant forty (40) weeks of compensation at $35.00 per week, and as claimed by appellant, this payment was solely for 40 weeks of compensation for two distinct injuries, the amputation of his finger and metacarpal bone, the maximum period and amount specified for such loss by the Workmen's Compensation Act. See Art. 8306, Sec. 12, Vernon's Ann.Tex. St. Appellee paid, in addition to the above, all medical and hospital expenses incurred by appellant.

Subsequent to the accident but prior to the final award of the Industrial Accident Board, appellee had paid to appellant the total sum of $1,400.00 in compensation benefits. On May 27, 1970, the Industrial Accident Board entered and rendered its final award. The Board found the date of injury to be March 13, 1969 and found that the employee's average weekly wage before the injury was in excess of $58.33, and that the compensation rate was $35.00 per week. The Board ordered the insurance carrier to pay appellant $35.00 per week for 12 consecutive weeks for total dis-

ability beginning March 14, 1969, and further ordered the carrier to pay appellant *following* the above 12 weeks the sum of $14.00 per week for 138 consecutive weeks, representing 40% permanent loss of the use of his hand. Compensation ordered paid under the award which had accrued from the date of appellant's disability, March 13, 1969, until the date of the award, May 27, 1970, was ordered paid in a lump sum, less payments already made. The total recovery ordered by the Board was $2,352.00.

Neither appellant nor appellee appealed the award of the Industrial Accident Board, and the award became final on June 17, 1970. When appellee failed to pay the award as computed by appellant, which appellee contends is excessive, appellant filed suit on July 1, 1970 to mature and collect the award of the Board. On July 7, 1970 appellant tendered its draft in the sum of $953.00 (a one dollar mistake in favor of appellant as computed by appellee) in full and final payment of the final award of the Board. The tender was refused.

The facts of this case were stipulated by the parties and each party moved for summary judgment. After a hearing, the trial court rendered judgment in favor of appellee, The Standard Fire Insurance Company, and Johnnie Lee Herrin has duly perfected his appeal as appellant.

Appellant contends on appeal that the trial court erred in refusing the relief sought by appellant in that appellant is entitled to receive compensation of $14.00 per week for 138 weeks (based on 40% permanent loss of use of the right hand) in addition to that compensation of $1,400.00 which he had received allegedly for his amputated finger and metacarpal bone; and that appellee has, in allegedly failing to comply with the Board's award, subjected itself to penalties and attorney's fees provided by statute. See Art. 8307, Sec. 5a, V.A.T.S.

Appellant contends that he has been paid in full for the amputated finger and meta-carpal bone, but claims that in addition to the above, according to the Board's order, he is entitled to the amount of permanent partial disability appellant suffered to his hand by virtue of the injuries he sustained. In other words, it is appellant's contention that he is entitled to $1,932.00, plus penalty and attorney's fees, instead of the tendered $952.00 by appellee.

Article 8306, Sec. 12, V.A.T.S., provides that recovery shall be allowed for the loss of a hand at sixty per cent (60%) of the average weekly wage during one hundred and fifty (150) weeks as a maximum. Loss of a second finger and the metacarpal bone are also provided for at 40 weeks, as computed by appellant, "subject to the limitation that in no case shall the amount received for the loss or injury to any one (1) hand be more than for the loss of the hand." The above statute also provides:

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this Section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

In the case of United States Fidelity and Guaranty Co. v. London, 379 S.W.2d 299, (Tex.Sup.), the plaintiff suffered accidental injury to his left leg and right and left hands. Jury findings were to the effect the employee suffered 59 weeks' total loss of use of the left leg; 59 weeks' total loss of use of his right hand, and 59 weeks' total loss of use of his left hand, and the jury found that each loss was temporary. Also in the jury's answer to issues in London regarding specific injuries, it found that the employee had suffered permanent partial disability of a definite percentage as to his left leg, to his right hand, and to

his left hand. No general injury was found. The trial court in that case rendered judgment for the employee's temporary total loss of use of the specific members; the court refused to cumulate the temporary total loss of use of each specific member; and it rendered judgment only for 59 weeks' total loss of use at the maximum rate of $35.00 per week. The court cumulated the permanent partial disabilities for the length of time and at the percentage of disability as found by the jury. The Texas Supreme Court affirmed that judgment. See also Texas *Employers Ins. Ass'n v. Patterson*, 144 Tex. 573, 192 S.W.2d 255, 259.

The Supreme Court further stated in the London case:

"We construe the paragraph of § 12, Art. 8306 we have before us, so that the first clause thereof applies to temporary loss or loss of use of specific members resulting from injuries received in one accident so that such concurrent incapacities may not be cumulated, but the employee receives 'compensation only for the injury which produces the longest period of incapacity'. The last clause of this paragraph has application only to total loss, to permanent partial loss, or the permanent total loss of use of a specific member, or members. As to such incapacities which are permanent, the employee shall be entitled to cumulate the recovery of compensation as to time and not concurrent." (Parenthesis omitted.) See also 43 Tex.L.Rev. 591.

Appellant relies upon the London case. That case, however, is distinguishable in our opinion, because there the plaintiff did sustain concurrent injuries to separate, specific members. The evidence there showed that the plaintiff received injuries to his left leg, right hand and left hand. In the instant case, however, there has been but one injury to one member of the body as contemplated by the Workmen's Compensation Act.

■ The law seems to be clear that for the loss of an arm below the elbow the injured workman is compensated as for the loss of a hand. Goldman v. Torres, 161 Tex. 437, 341 S.W.2d 154, 159; Lumbermen's Reciprocal Ass'n v. Pollard, 10 S.W.2d 982, 983, (Tex.Com.App.). Appellee contends that appellant actually suffered, in contemplation of law, only one injury, which was to the hand, and that such injury cannot be divided into multiple units as contended in this case, and calculated as separate injuries to the finger, metacarpal bone, *and* hand. The statute impliedly recognizes this distinction in the provision providing payment for the loss of an arm "at or above the elbow." See also Aetna Life Ins. Co. v. Rodriguez, 255 S.W. 446, 448, (Tex.Civ.App.), no writ; National Surety Corporation v. Winder, 333 S.W.2d 450, 451–452, (Tex.Civ.App.), writ ref., n. r. e.

■ In this case there has been but one injury to one member of the body, the hand. Accordingly, the award by the Industrial Accident Board, which was not appealed and is final in any event, of 40% permanent loss of use of the hand, necessarily includes all disability below the elbow.

Under the Board's order, the first weekly compensation payable to appellant was not due until about October 7, 1970. The lump sum ordered by the Board was only for the time accrued from date of disability to the date of the award (May 27, 1970), less payments already made. This suit was filed on July 1, 1970. On July 7, 1970, appellee tendered to appellant the sum of $953.00, the difference plus one dollar between the Board's award ($2,352.00) and the payments made ($1,400.00). No discount for present payment was deducted. Appellant is not entitled to penalty and attorney's fees under such circumstances. Art. 8307, Sec. 5a, V.A.T.S.

The tender of $953.00 having already been made and continues, the appellant,

Herrin, is entitled to that amount and is authorized to receive that sum under the circumstances in full and final payment.

The judgment of the trial court is affirmed.