Tom SOTO, Jr., Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 9106.**

Court of Civil Appeals of Texas, Amarillo.

April 16, 1980.

Rehearing Denied May 7, 1980.

Mark Smith & Associates, Mark Smith, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellee.

COUNTISS, Justice.

This worker's compensation case requires us to determine whether (1) the trial court correctly calculated the amount due the worker and (2) the worker is entitled to compensation for more than one injury. Finding no reversible error, we affirm the judgment of the trial court.

On September 7, 1977 appellant, Tom Soto, Jr. (hereafter "Soto"), was cutting a piece of metal on a shearer machine when the stop on the machine came down and caught his right thumb. Soto filed a work-er's compensation claim for the injury and, being dissatisfied with the award of the Industrial Accident Board, filed this suit against appellee, Texas Employers' Insurance Association. In his petition, Soto described his injuries as "damage to the soft tissues, muscles, ligaments, tendons, and skeletal structure of his right thumb and surrounding hand area".

The case was tried before a jury which found the following facts pertinent to this appeal:

1. The injury was a producing cause of a total loss of use of the right thumb.

2. The total loss of use of the right thumb began on September 7, 1977.

3. The total loss of use of the right thumb ended on August 24, 1978.

4. The injury was a producing cause of a partial loss of use of the right thumb.

5. The partial loss of use of the right thumb began on August 25, 1978.

6. The partial loss of use of the right thumb is permanent.

7. The degree of partial loss of use of the right thumb is sixty percent.

8. The injury to the right thumb extended to and affected the right hand.

9. [The jury failed to find the extended injury was a producing cause of any total loss of use of the right hand.]

10. The extended injury was a producing cause of a partial loss of use of the right hand.

11. The partial loss of use of the right hand began on September 7, 1977.

12. The partial loss of use of the right hand is permanent.

13. The degree of partial loss of use of the right hand is twenty-five percent.

The trial court then entered judgment for Soto in the sum of $3,790.17 "being the amount of compensation due Plaintiff for disability to the thumb as found by the jury, less proper credits and off sets to Defendant for compensation heretofore paid to Plaintiff."

Soto attacks the judgment of the trial court by six points of error. Under points one, three and five, presented collectively,

Soto argues that the trial court incorrectly calculated the recovery due him under the verdict. Under points two, four and six, presented collectively, Soto argues that the trial court erred in refusing to cumulate the time allowed for injuries to the thumb and the hand. We will consider the points in the order and manner presented by Soto.

■ On the incomplete record before us,[1] it is impossible to ascertain how the trial court computed the award. The judgment contains a net figure after credits and offsets. It does not reflect the method of computation used by the trial court, the average weekly wage proven by the employee or other facts necessary to demonstrate the error advanced by Soto. For that reason alone, points one, three and five must be overruled. Tex.R.Civ.P. 418(d), (e), 434.

■ Regardless of the method of computation used by the trial court, we are satisfied the computation desired by Soto is incorrect. Relying on article 8306, section 12 of the Texas Revised Civil Statutes Annotated and *Texas Employers' Ins. Ass'n v. Holmes*, 145 Tex. 158, 196 S.W.2d 390 (1946), he contends the trial court should have ascertained the amount due for partial incapacity by multiplying the average weekly wage of the employee by the statutory percentage of sixty-six and two-thirds percent, then multiplying that result by the percentage of partial disability found by the jury (sixty percent to the thumb and twenty-five percent to the hand). The resulting figure, up to a maximum of $91.00 per week,[2] is the amount Soto alleges he should be awarded. The *Holmes* case supports the method of computation sought by Soto. *Texas Employers' Ins. Ass'n v. Holmes, supra*, 196 S.W.2d at 390. The pertinent portion of section 12 was amend-

ed, however, after the *Holmes* decision but prior to this case. It presently reads:

> The compensation paid therefor shall be calculated by first determining a basic figure amounting to sixty-six and two-thirds per cent (66⅔%) of the average weekly wages of the employee, *but which basic figure shall not exceed the maximum weekly benefit set forth in Section 29 of this article* ; such basic figure shall then be multiplied by the percentage of incapacity caused by the injury, and the result shall be the weekly compensation which shall be paid for such period not exceeding three hundred (300) weeks as the Board may determine (emphasis added).

Tex.Rev.Civ.Stat.Ann. art. 8306, § 12 (Vernon Supp.1980).

Under the present statute,[3] assuming sixty-six and two-thirds percent of Soto's average weekly wage was in excess of the $91.00 maximum weekly benefit then in effect,[4] his award for a partial permanent incapacity is determined by multiplying $91.00 by the percentage of incapacity found by the jury and multiplying the result by the number of weeks of benefit allowed for permanent loss of use of the member. *Fidelity & Casualty Company of New York v. Shores*, 329 S.W.2d 911, 913 (Tex.Civ.App.—Fort Worth 1959, writ ref'd). We assume, because the record does not demonstrate otherwise, that the trial court used the foregoing method of computation. In any event, the method urged by Soto is no longer the law of this state. *Brisco v. Travelers Insurance Company*, 342 S.W.2d 602, 603 (Tex.Civ.App.—Dallas 1961, no writ). Soto's points of error one, three and five are overruled.

By his second, fourth and sixth points of error, Soto attacks the failure of the trial court to allow him any recovery for the

---

1. Soto did not file a statement of facts.

2. During the times pertinent here, $91.00 was the maximum weekly benefit. Tex.Rev.Civ. Stat.Ann. art. 8306, §§ 12, 29 (Vernon Supp. 1980).

3. *Texas Employers Ins. Ass'n. v. Holmes*, 145 Tex. 158, 196 S.W.2d 390 (1946) also holds that

partial permanent disability to the specific parts of the body listed in section 12 will be calculated under the formula established in the quoted paragraph. That holding is not disturbed by the amendment to the paragraph.

4. Soto alleged an average weekly wage of $180.00 in his petition.

twenty-five percent permanent disability to the hand as found by the jury. As in the preceding points, the record does not clearly reflect the action taken by the trial court. We assume, however, that the trial court based its judgment on the award for the thumb and denied all recovery for the hand.

■ Soto's argument is two-fold. He contends, first, that the trial court should have cumulated the times allowed under the statute for the injuries to the thumb and the hand.[5] Alternatively, he contends "that the period of time should have been allowed for the longest period of incapacity with the maximum weekly recovery for each week within that period." [6]

The pertinent provisions of section 12 are as follows:

For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty-six and two-thirds per cent (66⅔%) of the average weekly wages of such employee, but not less than the minimum weekly benefit per week nor exceeding the maximum weekly benefit set forth in Section 29 of this article, for the respective periods stated herein, to wit:

For the loss of a thumb, sixty-six and two-thirds per cent (66⅔%) of the average weekly wages during sixty (60) weeks.

\*   \*   \*   \*   \*   \*

For the loss of a hand, sixty-six and two-thirds per cent (66⅔%) of the average weekly wage during one hundred and fifty (150) weeks.

\*   \*   \*   \*   \*   \*

Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this Section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.

In all cases of permanent partial incapacity it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases.

Tex.Rev.Civ.Stat.Ann. art. 8306, § 12 (Vernon Supp.1980).

Both of Soto's contentions are predicated upon the assumption that he suffered an injury to more than one member of his body. Therein lies the fatal flaw in his arguments. The portion of the arm below the elbow is treated as one unit or member when there has been only one injury. Thus, the injured worker can be compensated for an injury to a finger according to the specific schedule of finger injuries. If the finger injury extends to and affects the hand, the worker can be compensated for the hand injury according to the specific schedule for hand injuries. The worker cannot, however, be compensated for both the finger and the hand when there is only one injury. *Herrin v. Standard Fire Insur-*

---

5. The essence of Soto's argument is as follows. Sixty weeks is given for loss of use of a thumb. Therefore, he should have received fifty weeks of compensation at the maximum rate for total loss of use of the thumb and ten weeks of compensation at sixty percent of the maximum rate for partial permanent loss of use of the thumb. One hundred fifty weeks is given for loss of the use of the hand. He should have also received one hundred fifty weeks of compensation at twenty-five percent of the maximum rate for partial permanent loss of use of the hand.

6. The essence of Soto's alternative argument is as follows. One hundred fifty weeks is given for loss of use of a hand. That one hundred fifty week figure should be the number of weeks for which compensation will be paid in this case. The first sixty weeks should be figured on the basis of the thumb rather than the hand, since the thumb is worth more under this verdict. The remaining ninety weeks should be figured on the basis of the hand.

*ance Company*, 466 S.W.2d 798, 800 (Tex. Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.); *Lumbermen's Reciprocal Ass'n v. Pollard*, 10 S.W.2d 982, 983 (Tex. Com.App.1928); *see Goldman v. Torres*, 161 Tex. 437, 341 S.W.2d 154, 159 60 (1960).

In this case the jury found an injury that produced a total and, subsequently, a partial loss of use of the thumb. It then found that the thumb injury extended to and affected the hand, producing a partial loss of use of the hand. The result is one injury in two portions of the arm below the elbow; therefore, the thumb and the hand must be treated as one member of the body with compensation awarded accordingly. Under these facts, the trial court had no authority to award recovery for both the thumb and the hand under any theory.

Under the specific schedules a hand injury will ordinarily produce a larger monetary recovery than a thumb injury. Due to the nature and degree of loss of use found by the jury in this case, however, the thumb was worth more than the hand. The trial court awarded Soto the larger amount, and he has received the maximum sum he could receive under the verdict.

Soto's second, fourth and sixth points of error are overruled. The judgment of the trial court is affirmed.