TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

Garry Lee THORN, Appellee.

No. 6240.

Court of Civil Appeals of Texas,
Waco.

Dec. 31, 1980.

Jerry P. Campbell and Beverly Willis, Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, for appellant.

Jerry L. Calhoon, McDonald, Calhoon & Kolstad, Palestine, for appellee.

HALL, Justice.

This is a workers' compensation case.

Appellee Garry Lee Thorn sustained accidental injuries entitling him to workers' compensation benefits under a policy issued by appellant Texas Employers' Insurance Association. He appealed from the award of the Industrial Accident Board. After a trial to a jury, the trial court set aside the Board's award, and rendered judgment for appellee. This appeal followed. Appellant contends that under the circumstances of this case the court erred in awarding appellee separate recoveries for injuries to his right thumb, right index finger, right second finger, and to his right hand for overlapping periods. We agree with appellant.

On June 23, 1978, appellee sustained accidental injury in the course of his employment when a piece of industrial equipment broke and fell on his right thumb, severing the tip of the thumb. On July 3, 1978, initial surgery was performed to repair the damage to the thumb. After several check-ups by the surgeon, more extensive surgery to repair the damage was performed on September 1, 1978. On this occasion, the surgeon moved certain muscles, ligaments, nerves and blood vessels from parts of the index and second fingers and the palm of appellee's right hand to the thumb area. Subsequently, appellee received therapy and rehabilitation treatments for six months. At the time of trial, held in November, 1979, appellee still complained of numbness in his hand, through the thumb and index and second fingers, as well as weakness and limited mobility in those parts.

Submission of the case to the jury on special issues produced these findings:

1. Appellee suffered temporary total loss of use of the right thumb from June 23, 1978, the day of his injury, to January 2, 1979, followed by permanent partial loss of use of the thumb to the extent of 35%.

2. "Following the surgery that was performed on him [on September 1, 1978] as a result of his injury on June 23, 1978," appellee suffered temporary total loss of use of the right index finger, beginning on the day of the surgery and ending on January 2, 1979, followed by permanent partial loss of use of the finger to the extent of 10%.

3. "Following the surgery that was performed on him [on September 1, 1978] as a result of his injury on June 23, 1978," appellee suffered temporary total loss of use of the right second finger, beginning on the day of the surgery and ending on January 2, 1979, followed by permanent partial loss of use of the finger to the extent of 10%.

4. "Following the surgery that was performed on him [on September 1, 1978] as a result of his injury on June 23, 1978," appellee suffered temporary total loss of use of the right hand, beginning on the day of the surgery and ending on January 2, 1979, followed by permanent partial loss of use of the hand to the extent of 50%.

5. The injury to the thumb on June 23, 1978, extended to and affected the right hand causing temporary total loss of use of the hand beginning on September 1, 1978 (the day of the

surgery) and ending on January 2, 1979, followed by permanent partial loss of the use of the hand to the extent of 50%.

These findings are not challenged on appeal.

The schedule of compensation under our workers' compensation laws for injuries to specific members of the body includes the following periods of benefits: (Vernon's Tex.Civ.St. article 8306, § 12):

> For the loss of a thumb, 60 weeks.
>
> For the loss of an index finger, 45 weeks.
>
> For the loss of a second finger, 30 weeks.
>
> For the loss of a hand, 150 weeks.

Upon this schedule and the verdict, the trial court rendered judgment awarding appellee benefits calculated on the following:

> For temporary total loss of use:
>
> > For the thumb: 27 weeks.
> >
> > For the hand: 17 weeks.
>
> For permanent partial loss of use:
>
> > For the thumb: 33 weeks.
> >
> > For the hand: 133 weeks.
> >
> > For the index finger: 28 weeks.
> >
> > For the second finger: 13 weeks.

Allowances for attorney's fees and interest on unpaid accrued benefits, based upon the foregoing awards, were also made by the court.

It will aid an understanding of the judgment and the questions on appeal to notice that the period from June 23, 1978, the date of the injury to the thumb, to September 1, 1978, the date of the surgery involving the fingers and the hand, comprises 10 weeks. The period from September 1, 1978, to January 2, 1979, when permanent partial loss of use of the thumb, the fingers and the hand began, comprises 17 weeks. The total period from June 23, 1978, to January 2, 1979, thus comprises 27 weeks. The adjudication of 27 weeks of benefits for temporary total loss of use of the thumb included 10 weeks for the thumb alone, from the date of the injury (June 23, 1978) to the date of surgery (September 1, 1978). The surgery involved not only the thumb, but also the index finger, the second finger, and the hand. The jury found appellee suffered

temporary total loss of use of all of these members for 17 weeks beginning on the day of surgery. The judgment awarded appellee benefits for both the thumb and the hand (but not for the other members) for such temporary total loss of use for the 17 weeks. Appellee's temporary total loss of use of the thumb and hand (and the fingers) ended on January 2, 1979. On that date, according to the jury's findings, appellee recovered from all total loss of use, and, began suffering permanent partial loss of use of the thumb, the index finger, the second finger, and the hand. The judgment awarded appellee benefits for all of those members separately for such permanent partial loss of use.

Appellant contends that under the circumstances of our case appellee has suffered only one injury to one member of his body, limited for 10 weeks to the thumb and thereafter to the hand, and that the judgment should be reformed to eliminate the multiple concurrent recoveries allowed appellee for his thumb *and* index finger *and* second finger *and* hand. Appellant's argument is two-fold: It asserts, first, that under our workers' compensation laws appellee has suffered only one injury to his hand, the adverse effects of medical treatment or surgery being included in and proximately caused by the injury itself. Second, appellant contends an injury to the hand is an injury to a specific member of the body for which benefits are allowed in the schedule of compensation, and that the injury cannot be divided into the multiple units of the hand, with resultant recoveries allowed for separate injuries to the thumb, various fingers, *and* the hand.

We agree with appellant's contentions.

■ Under our workers' compensation law, the immediate effects of the original injury are not solely determinative of the nature and extent of the compensable injury. "The full consequences of the original injury, together with the effects of its treatment, upon the general health and body of the workman are to be considered." *Western Casualty And Surety Company v. Gonzales,* (Tex.1975) 518 S.W.2d 524, 526.

In our case, the jury's findings establish that as a result of the accident on June 23, 1978, appellee suffered (1) an injury to his thumb which began on the day of the accident, and (2) additional injuries to his index finger, second finger, and hand beginning on September 1, 1978, by reason of surgery performed on that day to correct the original injury to the thumb. Under those circumstances the injury to the hand was compensable.

The schedule of compensation in article 8306, § 12, supra, provides benefits for loss of the fingers where the injury is limited to the fingers. However, loss of the fingers is included within an injury to and loss of the hand; and, where the injury includes the hand, the fingers and the hand must be treated as one member of the body for the purpose of compensation under the schedule. *Herrin v. Standard Fire Insurance Company*, 466 S.W.2d 798, 800 (Tex. Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.); *Soto v. Texas Emp. Ins. Ass'n*, 598 S.W.2d 45, 48 (Tex.Civ.App.— Amarillo 1980, no writ). Therefore, recoveries allowed by the trial court in our case for injuries to the thumb and the fingers for periods which overlapped an additional award for the injury to the hand were erroneous.

Article 8306, § 12, also provides the following:

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this Section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

This provision was before our Supreme Court for interpretation in *United States Fidelity And Guaranty Co. v. London*, (Tex. 1964) 379 S.W.2d 299. The Court said:

"We construe the paragraph of § 12, Art. 8306 we have before us, so that the first clause thereof applies to temporary loss or loss of use of specific members resulting from injuries received in one accident so that such concurrent incapacities may not be cumulated, but the employee receives 'compensation only for the injury which produces the longest period of incapacity.' The last clause of this paragraph ... has application only to total loss, to permanent partial loss, or the permanent total loss of use of a specific member, or members. As to such incapacities which are permanent, the employee shall be entitled to cumulate the recovery of compensation as to time and not concurrent."

Appellee contends the judgment in our case "carefully tracks the formula set out in *London*." He asserts that "the temporary total loss of use found by the jury for the right index finger and the second finger were lost under the *London* formula," but that under the Supreme Court's construction of the last clause of the paragraph the trial court properly allowed and cumulated the remaining recoveries for loss of use of his fingers, thumb, and hand. We disagree.

Appellee's contention was considered and rejected in *Soto v. Texas Emp. Ins. Ass'n*, supra, under virtually identical facts. The court said:

"Soto's [contention is] predicated upon the assumption that he suffered an injury to more than one member of his body. Therein lies the fatal flaw in his arguments. The portion of the arm below the elbow is treated as one unit or member when there has been only one injury. Thus, the injured worker can be compensated for an injury to a finger according to the specific schedule of finger injuries. If the finger injury extends to and affects the hand, the worker can be compensated for the hand injury according to the specific schedule for hand injuries. The worker cannot, however, be compensated for both the finger and the hand when there is only one injury. *Herrin v. Standard Fire Insurance Company*, 466 S.W.2d 798, 800 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.);

**144**

*Lumbermen's Reciprocal Ass'n v. Pollard,* 10 S.W.2d 982, 983 (Tex.Com.App.1928); see *Goldman v. Torres,* 161 Tex. 437, 341 S.W.2d 154, 159–60 (1960).

"In this case the jury found an injury that produced a total and, subsequently, a partial loss of use of the thumb. It then found that the thumb injury extended to and affected the hand, producing a partial loss of use of the hand. The result is one injury in two portions of the arm below the elbow; therefore, the thumb and the hand must be treated as one member of the body with compensation awarded accordingly. Under these facts, the trial court had no authority to award recovery for both the thumb and the hand under any theory."

In our case appellee faces the same problem faced by Soto, in that there was but one injury to one specific member of appellee's body, the hand, after the surgery on September 1, 1978.

Appellee is entitled to compensation for the following: loss of use of the thumb for ten weeks followed by temporary total loss of use of the hand for 17 weeks, followed by permanent partial loss of use of the hand to the extent of 50% for 133 weeks. We therefore reverse the judgment. There are also allowances to be made for attorney's fees and interest on unpaid accrued benefits. The parties are fully familiar with these matters, and we accordingly remand the case to the trial court with instructions to render judgment in accordance with our rulings. The record shows that the parties have agreed upon a weekly benefit rate of $91.00, and it is ordered that appellee's benefits shall be calculated on that basis.

Reversed and remanded with instructions.