The CHARTER OAK FIRE
INSURANCE COMPANY,
Appellant,

v.

Stanley N. PIERCE, Appellee.

No. 05–84–01317–CV.

Court of Appeals of Texas,
Dallas.

Nov. 25, 1985.

Rehearing Denied Jan. 15, 1986.

Ronald D. Wren, Stradley, Schmidt, Stephens & Wright, Dallas, for appellant.

Tex. R. Shaw, Stark & Shaw, Dallas, for appellee.

Before STEPHENS, WHITHAM and HOWELL, JJ.

STEPHENS, Justice.

This is a workers' compensation case which arose after Pierce lost his second finger in a work-related accident. Charter Oak appeals a judgment in favor of Pierce contending that the trial court failed to credit it with all voluntary payments made prior to trial. We agree and reform the judgment for Pierce to allow proper credit to Charter Oak.

Prior to trial, Charter Oak voluntarily paid Pierce the maximum weekly benefit under section 12 of the Act[1] of $119 per week for thirty weeks, or $3,570. It was stipulated that Charter Oak would be given credit for any weekly benefits previously paid. The jury found that the injury extended to Pierce's hand and that, as a result of the injury, he suffered 30% permanent partial loss of use of his hand. The loss of use of the hand began at the same time as the loss of the finger. The trial court rendered judgment in favor of Pierce for $4,483.33. In arriving at this figure, the trial court apparently subtracted the 30 weeks that Charter Oaks had made payments from the 150 weeks scheduled for the loss of a hand. The court then multiplied the maximum weekly rate ($119) by 30% by the present value of 120 weeks compensation (125.5836) to arrive at $4,483.33. Charter Oak contends that the proper method of calculating the amount it owes Pierce is to subtract the amount it previously paid ($3,570) from the amount to which the jury verdict entitles Pierce. We agree.

According to section 12 of the Act, where the employee sustains concurring injuries resulting in concurring incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity. *See Texas Employers' Insurance Association v. Thorn*, 611 S.W.2d 140 (Tex.Civ.App.—Waco 1980, no writ); *Soto v. Texas Employers' Insurance Association*, 598 S.W.2d 45 (Tex.Civ. App.—Amarillo 1980, writ ref'd n.r.e.). As the court stated in *Soto:*

> The portion of the arm below the elbow is treated as one unit or member when there has been only one injury. Thus, the injured worker can be compensated for an injury to a finger according to the specific schedule of finger injuries. If the finger injury extends to and affects the hand, the worker can be compensated for the hand injury according to the specific schedule for hand injuries. The worker cannot, however, be compensated for both the finger and the hand when there is only one injury.

598 S.W.2d at 48 (citations omitted).

Pierce's loss of use of his hand coincided with the loss of his finger; therefore, the proper method of determining the amount of the jury award in this case is to multiply the maximum weekly rate to which he is entitled ($119) by the number of weeks scheduled (150) by the specific percent of injury found by the jury (30%).

| | |
|---|---:|
| Maximum weekly rate | $119 |
| Number of weeks | 150 |
| | $17,850 |
| Per cent of loss | .30 |
| Amount of jury award | $5,355 |

From the jury award of $5,355, we subtract $3,570, which is the amount previously paid by Charter Oak. Pierce is entitled to compensation for 30% loss of the use of his hand for 150 weeks and no more. *Zurich General Accident & Liability Insurance Co. v. Holmes*, 291 S.W.2d 373, 377 (Tex.

---

1. All statutory references are to Workers' Compensation and Crime Victims Compensation Act., TEX.REV.CIV.STAT.ANN. art. 8306 *et seq.* (Vernon Supp.1985).

Civ.App.—Beaumont 1956, writ ref'd n.r. e.). This leaves $1,785, which represents 50 weeks of past due installments. The last installment of these 50 installments was past due on July 10, 1983. On *that* date, the present value of the 50 weeks installments ($1,785) was equal to $1,818.64. (Present value of 50 weeks [50.-9423] $\times$ $35.70 weekly rate = $1,818.64). *See* Flahive & Ogden, Texas Workers Compensation Manual 259 [1984–1985]. From July 10, 1983, until October 4, 1984, the date of the trial court's judgment, Pierce is entitled to 4% interest, compounded annually, on the $1,818.64. TEX.REV.CIV.STAT. ANN. art. 8306a (Vernon Supp.1985). This interest equals $91.65. Thus, the amount owed Pierce on the date of judgment is $1,910.29. The judgment of the trial court is reformed accordingly and, as reformed, is affirmed.