**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Laverne BARKER, Appellee.**

**No. 12–88–00254–CV.**

Court of Appeals of Texas, Tyler.

Jan. 19, 1990.

**534**

———

Charles H. Clark, Tyler, for appellant.

Hulen Ford, Dallas, for appellee.

COLLEY, Justice.

This is a workers' compensation case in which appellant Texas Employers Insurance Association (TEIA) appeals from a judgment awarding appellee Laverne Barker cumulative benefits for 210 weeks to cover loss of the use of her left thumb and left hand. We will reverse and remand this cause to the trial court.

The question presented is whether, under the jury's verdict, the appellee is entitled to recover compensation for 60 weeks for the permanent loss of use of her left thumb *and* 150 weeks for the permanent loss of the use of her left hand.

The record contains a court-approved stipulation by the parties that appellee's average weekly wage at the time of trial was $353.73; therefore, she was "eligible to receive the maximum compensation benefits of $203 per week...." The parties also stipulated that appellant had before trial paid appellee $12,586, representing 62 weeks of compensation at the rate of $203 per week. The parties stipulated on appeal that the trial court's judgment, in respect to compensation, awards appellee compensation for both the thumb and the hand (210 weeks) less the benefits already paid by appellant.

The pertinent issues submitted and the jury's answers thereto are as follows, to wit:

ISSUE NO. 1:

Did Plaintiff receive an injury to her left thumb on or about February 21, 1985?

(Answer "Yes" or "No")

ANSWER TO NO. 1: Yes

If you have answered "Yes" to No. 1, answer No. 2.

ISSUE NO. 2.

Was the injury a producing cause of any total loss of use of Plaintiff's left thumb?

(Answer "Yes" or "No")

ANSWER TO NO. 2: Yes

If your answer to No. 2 is "Yes," then answer No. 2A and No. 2B.

2A. Find the beginning date of such total loss of use of Plaintiff's left thumb.

(By stating the month, day and year).

ANSWER TO 2A: 2–21–85

2B. Find the duration of the total loss of use of Plaintiff's left thumb.

(By answering "Permanent" or by stating the ending date.)

ANSWER TO 2B: Permanent

. . . .

ISSUE NO. 4.

Did the injury extend to and affect Plaintiff's left hand?

(Answer "Yes" or "No")

ANSWER TO NO. 4: Yes

If you have answered "Yes" to No. 4, answer No. 5.

ISSUE NO. 5.

Was the injury a producing cause of any total loss of use of Plaintiff's left hand?

(Answer "Yes" or "No")

ANSWER TO NO. 5: Yes

If your answer to No. 5 is "Yes," then answer No. 5A and No. 5B.

5A. Find the beginning date of such total loss of use of Plaintiff's left hand.

(By stating the month, day and year).

ANSWER TO 5A: 6–24–85

5B. Find the duration of the total loss of use of Plaintiff's left hand.

(By answering "Permanent" or by stating the ending date).

ANSWER TO 5B: Permanent

If you have answered Issue No. 5B "Permanent," do not answer Issue No. 6.

. . . .

The court also charged the jury:

An injury to a specific member does not "extend to and affect" other parts of the body if the use or attempted use of the injured member merely results in pain or other subjective complaints in such parts of the body without producing

damage or harm to the physical structure of such other part.

Our decision requires us to construe Tex. Rev.Civ.Stat.Ann. art. 8306, § 12 (Vernon Supp.1990) (hereinafter referred to as section 12) in light of *Leos v. State Employees Workers' Compensation Division,* 734 S.W.2d 341 (Tex.1987), and several intermediate court decisions.[1]

Section 12 reads, in part, as follows:

For the injuries enumerated in the following schedule the employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty-six and two-thirds per cent (66⅔%) of the average weekly wages of such employee, but not less than the minimum weekly benefit per week nor exceeding the maximum weekly benefit set forth in Section 29 of this article, for the respective periods stated herein, to wit:

For the loss of a thumb, sixty-six and two-thirds per cent (66⅔%) of the average weekly wages during sixty (60) weeks.

. . . .

For the loss of a hand, sixty-six and two-thirds per cent (66⅔%) of the average weekly wage during one hundred and fifty (150) weeks.

. . . .

In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member.

. . . .

Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this Section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.

. . . .

In *Leos,* the jury found that "Leos suffered total loss of both feet for five (5) years." *Leos,* 734 S.W.2d at 342. In that case, the trial court awarded Leos a judgment for 250 weeks of accrued benefits. The Amarillo Court of Appeals, apparently in an unpublished opinion, modified the judgment to allow only 125 weeks of compensation benefits. The Supreme Court reversed the Court of Appeals and affirmed that part of the trial court's judgment awarding compensation for 250 weeks. The Supreme Court reasoned "that the clear intent of the legislature ... was to permit cumulative benefits for *multiple* specific injuries not to exceed 401 weeks."[2] (Emphasis ours.)

We must construe the special issues and the jury's answers thereto in light of the court's instructions and definitions, especially the definition of "extend to and affect" given to the jury. By this definition, quoted in full on page 3 of this opinion, the jury was instructed that the thumb injury could not be found by them to "extend to and affect" the appellee's left hand unless that injury caused "damage or harm to the physical structure of [the left hand]." The jury by its affirmative answer to Special Issue No. 4 so found. We are bound by that finding in this appeal, and that finding, when considered along with the jury's answers to Special Issue Nos. 1, 5 and 5B, entitled appellee to 150 weeks of compensation benefits at the stipulated rate of $203 per week for appellee's permanent loss of the use of her left hand. The jury's an-

1. *Soto v. TEIA,* 598 S.W.2d 45, 48 (Tex.Civ.App. —Amarillo 1980, writ ref'd n.r.e.); *TEIA v. Thorn,* 611 S.W.2d 140 (Tex.Civ.App.—Waco 1980, no writ), and *Herrin v. Standard Fire Ins. Co.,* 466 S.W.2d 798 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.).

2. Under the portion of the statute reading, "[B]ut this Section shall not affect liability for the concurrent loss or the loss of the use ... of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative *as to time* and not concurrent." (Emphasis ours.)

swers to Special Issue Nos. 1, 4, 5, and 5B, render the jury's answers to Special Issue Nos. 2, 2A and 2B immaterial because by the former findings the single injury was not limited to the thumb, but extended to the entire hand which includes the thumb.

*Leos*[3] is inapposite here because appellee suffered only *one* specific injury, that being to her hand. We conclude that appellee is entitled to compensation benefits for a total of 150 weeks at the rate of $203 per week.[4] *Soto, Herrin and Thorn.*

The judgment is reversed, and this cause is remanded to the trial court for the entry of a judgment for appellee consistent with this opinion.

---

**3.** See *City of Austin v. Miller,* 767 S.W.2d 284, 290 (Tex.App.—Austin 1989, no writ).

**4.** As well as the other benefits receivable under the workers' compensation act, including medical care, nursing services, hospital care, etc.